## L. M. SPENCER *et al.* v. CHARLES RIPPE.

(Filed July 30, 1898.)

1. JUDGMENTS OF PROBATE COURTS—*When Liens on Real Estate of Judgment Debtors.* A judgment of the probate court, rendered prior to March 7, 1893, was a lien upon the real estate of the judgment debtor in the county wherein such judgment was rendered and continued to be a lien on such real estate for the period of sixty days after that date, but ceased to operate as a lien on real estate after the expiration of sixty days from March 7, 1893, unless the judgment creditor caused to be filed in the office of the clerk of the district court a transcript or abstract of his judgment recovered in the probate court. And where one recovered a judgment in the probate court against a party, prior to March 7, 1893, but failed to file a transcript or abstract of such judgment in the office of the clerk of the district court until after the expiration of sixty days from the date last above named, and thereafter, and prior to March 5, 1895, the judgment debtor sold real estate located in the county where in such judgment was rendered, to a third party, and conveyed the same by warranty deed, such third party acquired a good title as against the judgment creditor, such creditor having lost his lien on said real estate, by not filing a transcript or abstract of his judgment in conformity with section 2 of the act relating to judgments rendered in probate courts, on page 1191 of the Statutes of Oklahoma of 1893.

2. SAME—*Transcript Must be Filed in Office of Clerk of District Court.* A judgment rendered in a probate court of this Territory, after March 7, 1893, and prior to March 5, 1895, did not, between said dates, operate as a lien on the real estate of the judgment debtor in the county where in such judgment was rendered, unless a transcript or abstract thereof was filed in the office of the clerk of the district court. Upon the filing of such transcript or abstract in the office of the clerk of the district court, it operated as a lien upon the real estate of the judgment debtor in such county, the same as if a judgment for that amount had been rendered in the district court.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*E. J. Simpson,* for plaintiff in error.

*W. H. Criley,* for defendant in error.

Opinion of the court by

BURWELL, J.:   On November 25, 1892, Charles Rippe

recovered a judgment in the probate court of Canadian county, against L. M. Spencer, for $386.65, and costs amounting to some $8.90. At the time of the rendition of said judgment in the probate court, L. M. Spencer was the owner of lots numbered 13, 14, 15, 16, 17, 18, 19, and 20, in block 83, in Lake addition to the town of Yukon. Lots numbered 13, 14, 15 and 16 were at that time, and ever since have been, separated from lots 17, 18, 19 and 20, by a public alley running east and west through the block, and the title to all of these lots remained in L. M. Spencer until the 29th day of August, 1893. The record discloses that L. M. Spencer was at the time of the rendition of the judgment in the present suit, the head of a family, and that he and his family were occupying and living upon lots numbered 17, 18, 19 and 20 in block numbered 83, referred to above, from a date prior to the rendition of the judgment in the probate court, until the rendition of the judgment in the present case. On the 29th day of August, 1893, L. M. Spencer and his wife, M. J. Spencer, conveyed by a general warranty deed to P. S. Kearn, lots numbered 13, 14, 15 and 16 above referred to, in consideration of which, it is alleged, that P. S. Kearn conveyed to M. J. Spencer, wife of L. M. Spencer, lot 24 in block 5, in the town of Yukon, and lots numbered 9 and 10 in block 120, and lots 27, 28, 29 and 30 in block 103, in Lake addition to the town of Yukon. It is also alleged that since August 29, 1893, M. L. Mulvey and O. V. Mulvey have acquired, or pretended to acquire, some interest in the lots conveyed by L. M. Spencer to P. S. Kearn, Clara L. Kearn joining with her husband, P. S. Kearn, in the conveyance of the real estate above described, to M. J. Spencer. On the 18th day of June, 1895, Charles Rippe commenced his action in the district court of Canadian

—39

county against each and all of the persons above named, praying that the conveyance of lots numbered 13, 14, 15 and 16, in block 83, above described, by L. M. Spencer to P. S. Kearn, be set aside and declared void and fraudulent as against him, and that lot 24 in block 5 in the town of Yukon, and lots 9 and 10, in block 120, and lots 27, 28, 29 and 30, in block 103, in Lake addition to the town of Yukon, be held and declared to be subject to the payment of the judgment of the plaintiff against L. M. Spencer, and that an order be made ordering and directing that lots 13, 14, 15 and 16, and the lots conveyed to M. J. Spencer by P. S. Kearn, be advertised, appraised, and sold in the manner prescribed by law, to satisfy the plaintiff's judgment and costs.

The defendants, by their attorney, filed their joint demurrer to the plaintiff's petition, which demurrer was by the court overruled, to which the defendants excepted. And, thereupon, the court ruled defendants to answer within ten days. Each of the parties filed their respective answers and thereupon the plaintiff filed a motion for judgment on the pleadings, which motion was sustained and judgment entered for plaintiff, in which it was held that the conveyance from L. M. Spencer and M. J. Spencer, of lots 13, 14, 15 and 16, in block 83, to P. S. Kearn, was void and of no effect, as against the judgment rendered against L. M. Spencer, and in favor of the plaintiff, in the probate court, on the 25th day of November, 1892, and directing that lots 13, 14, 15 and 16, in block 83, in Lake addition to the town of Yukon, be appraised, advertised and sold in the manner and form as prescribed by law, to satisfy the plaintiff's judgment.

The question presented to this court for determination is as to whether or not the judgment which was rendered

against L. M. Spencer, and in favor of Charles Rippe, on November 25, 1892, was, from that date, a lien upon all of the real estate of the judgment debtor, in the county of Canadian.

Section 4633, Procedure Civil, of the Statutes (1890) of Oklahoma, provides:

"All final judgments in courts of record, for the recovery of money or costs, shall be a lien upon the real estate and chattels real, liable to execution in the county where the judgment is rendered, for the space of five years after rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by agreement of the parties entered of record."

Article 16, under the subject of Courts Probate, of the 1890 Statutes of Oklahoma, which is an act of congress extending the power and jurisdiction of probate courts, and which was in force at the time of the rendition of the judgment above described, in the probate court of Canadian county, provides:

"SECTION 1. Probate courts in their respective counties shall, in addition to the powers conferred upon them by the probate chapter of the Territory, have and exercise the ordinary powers and jurisdiction of justices of the peace and shall, in civil cases, have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars exclusive of costs, and in action of replevin where the appraised value of the property does not exceed that sum, and the provisions of the chapter on civil procedure relative to justices of the peace and to practice and proceedings in all civil actions, prosecuted before said probate courts.   *   *

"SEC. 2.  In all cases commenced in said probate courts wherein the sum exceeds the jurisdiction of justices of the peace, the pleadings and practice, and proceedings in said court, both before and after judgment, shall be gov-

erned by the chapter on civil procedure of the Territory, governing pleadings and practice and proceedings in the district court. In all cases commenced in said probate courts that are within the jurisdiction of justices' courts, the practice and proceedings and pleadings both before and after judgment provided for in the justices' procedure of the Territory, shall be applicable to the practice pleadings and proceedings of said probate courts."

Section 3 provides that the probate judge shall, on the first day of each term, prepare a calendar of the cases standing for trial at said term; and further provides that the provisions of the chapter on Civil Procedure of the Territory, relative to the docket in district courts shall, so far as they are applicable, apply to said calendar.

From section 4633, it will be seen that the Statutes of 1890 provided that all final judgments, in all courts of record of this Territory, should be a lien upon all the real estate of a judgment debtor located in the county wherein such judgment was rendered.

Article 16, under "Courts Probate," gives to the probate court concurrent jurisdiction with the district court in actions for debt, wherein the amount involved does not exceed one thousand dollars, and also provides that the practice and proceedings in the district court shall apply to the proceedings in all civil actions prosecuted before probate courts, when the amount involved exceeds one hundred dollars, which act took effect December 25, 1890. It is also provided in this article that appeals shall lie from the final judgment of the probate courts to the supreme court of the Territory, in the same manner as from the district court, with like effect, when only questions of law are involved in the appeal; but, if questions of fact are to be retired in the appellate court, the appeal must be taken to the district court of the county, in the man-

ner and form as appeals are taken from the judgments of justices of the peace.

We think a fair construction of the statute above referred to is that our law-makers intended that all final judgments rendered in probate courts, where the amount thereof was more than $100, should operate as a lien upon all of the real estate of the judgment debtor, in the county wherein the judgment was rendered, with like effect as judgments of the district courts.

Appeals from the final judgments of the probate courts may be taken to the supreme court in the same manner and with like effect, when only questions of law are involved in the appeal, as appeals from the district courts; and if it had been the intention of our law-makers that final judgments of the probate court should not operate as a lien upon the real estate of the judgment debtors, we think they would have expressly excepted such courts from the provisions of section 41 of Procedure Civil, of the 1890 Statutes of Oklahoma, because probate courts are courts of record in every sense of the word. It is by law made the duty of the probate courts to have a seal, trial docket, journal, judgment docket, etc., the same as is required for the district courts.

We therefore hold that the judgment rendered in the probate court on the 25th day of November, 1892, against L. M. Spencer, and in favor of Charles Rippe, operated as a lien upon the real estate of Spencer in Canadian county with like force and effect as though that judgment had been rendered in the district court. The laws of 1890 remained in force and effect until 1893, when the legislature adopted a new code of procedure civil. Section 432 of Procedure Civil of that code provides as follows:

"Judgments of courts of record of this Territory, and of

courts of the United States rendered within this Territory, shall be liens on real estate of the debtor, within the county in which the judgment is rendered, from the first day of the term at which the judgment is rendered; but judgments by confession, and judgments rendered at the same term during which the action was commenced, shall bind such lands only from the day on which such judgment was rendered. An attested copy of the journal entry of any judgment, together with a statement of the costs taxed against the debtor in the case, may be filed in the office of the clerk of the district court of any county, and such judgment shall be a lien on the real estate of the debtor, within that county, from the date of the filing of such copy. The clerk shall enter such judgment on the appearance and judgment dockets in the same manner as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered."

It will be seen from this section that while the wording of the statute was changed, it still made final judgments in all courts of record, liens upon the real estate of the judgment debtors, located in the county wherein the judgment was rendered.

Just before the close of the legislature which adopted the Statutes of 1893, and before the Code of Civil Procedure had been adopted by it, it passed an act entitled "An Act Regulating Liens of Judgments Rendered in Probate Courts," which act is found on page 1190 of the 1893 Statutes of Oklahoma. On page 1187 of the Addenda to the Statute, in which the act last referred to is included, is found the following language:

"Towards the closing days of the last session of the legislature, the opinion prevailed that a new code of civil procedure would not be adopted. An act was therefore passed 'to regulate appeals and writs of error,' also an act, 'in relation to liens of judgments rendered in probate

courts.' Afterwards, an entire code on 'Civil Procedure' was enacted. It specifically provides for appeals and writs of error; also, regulates liens in courts of record. The codifying committee have concluded to publish both acts in this Addenda, together with the act providing additional officers for the legislature, which latter act the supreme court held to be illegal and void."

Section 1, relating to judgments, page 1190, is as follows:

"That no judgment hereafter rendered by any probate court within the Territory of Oklahoma, shall be a lien on real estate until it shall have been certified and filed in the office of the clerk of the district court as hereinafter provided."

Section 2 provides:

"That all judgments hereafter rendered by any probate court within the Territory of Oklahoma, shall cease to be a lien upon the real estate at the end of sixty days after the approval of this act, and until there shall be an abstract thereof certified and filed in the office of the clerk of the district court, as hereinafter provided."

An examination of the enrolled bill in the office of the Secretary of the Territory, shows that the word "hereafter" used in the first line of section 2, is a misprint in the statute and should read, "That all judgments 'heretofore' rendered," etc.

Section 4 of the act provides that it shall be in force from and after the date of its approval, and that all acts and parts of acts inconsistent therewith were thereby repealed. It will be seen from this last section that the act was in full force and effect, if valid, long before the statute was published, and the mistake in the printing of the statute would not change the legal effect of the law, as it took effect from and after its approval, and we must be governed by the enrolled bill on file in the office of the Territorial secretary. Section 3 of this act provides:

"Any person desiring to make a judgment rendered in a probate court of the Territory of Oklahoma, a lien on real estate, shall procure from the probate judge a certified copy of such judgment, and file the same in the office of the clerk of the district court, in any county in the Territory, and when so filed, such judgment shall be a lien upon any interest in land owned or acquired by the debtor during the life of such judgment and lying in the county where the judgment is so filed. It shall be the duty of the probate judge, on the payment of his fees for such abstract, to furnish and certify the same, and it shall be the duty of the clerk of the district court to receive and file the abstract, and to enter the same on the judgment docket of the district court, and from the date of such filing, it shall become a judgment of the district court, with like force and effect as if it had been rendered by the district court, on the day it was filed with the clerk of the district court, and shall thereafter be enforced as a judgment of the district court, and after the filing of such abstract in the district court, ro execution shall be issued from the probate court on such judgment."

It is contended by counsel for defendant in error that the adoption of the Code of Procedure Civil by the legislature, after the passage of the act referred to above, which code was complete, in and of itself, operated as a repeal of this code.

If there were a direct conflict between this act relating to liens and the Code of Procedure Civil, and the two could not stand together, there might be some force in the argument of counsel; but we fail to see wherein there is any inconsistency or conflict, when properly construed.

Section 432, Procedure Civil, 1893 Statutes of Oklahoma, provides that all final judgments in courts of record of this Territory, shall be liens upon real estate of the debtor within the county in which the judgment is

rendered. This section applies to all courts of record, but the act on page 1190, of the same statute, is a law which refers specifically to judgments rendered in probate courts. This section, 432, is imbodied in the Procedure Civil for the district courts, and we think that the legislature, when it adopted that code, did not intend that this particular section should apply to probate courts, but it should be confined to judgments rendered in district courts, as it is not applicable to probate courts, when construed with the act relating to judgments of probate courts in the Addenda, and the last act was not repealed, unless by implication, until March 5, 1895. The general rule of construction is, that where a law refers to a specific matter, it is not repealed by a subsequent general law, unless the act so provides in express terms, or the two are so inconsistent that they cannot be construed together. The legislature, by this act, provided that judgments which had been heretofore rendered in the probate courts of the Territory, should operate as liens upon real estate for the period of sixty days, and by that act it impliedly made it the duty of every judgment creditor, who owned judgments which were of record in the probate courts of this Territory, to take a transcript or abstract thereof and file it in the district court; and provided further that all such judgments should cease to be a lien upon the real estate of the judgment debtor, after the expiration of sixty days, and until the judgment creditor file a transcript of such judgment in the district court.

The legislature in 1895 again changed the law relative to judgments rendered in probate courts, under district court procedure, and made all judgments rendered in probate courts, liens upon the real estate of the judgment

debtors in the county wherein jurisdiction lies. This law is still in force. (See section 3, chapter 18, Session Laws of 1895.) These different acts, we think, show clearly that the legislature intended the law to be just as we have indicated in this opinion.

It is contended by counsel for appellee that his judg-ment rendered in the probate court against the defen-dant, L. M. Spencer, was a vested right which could not be in any way affected by a subsequent law. This is, we think, incorrect. A judgment is not a vested right in the same sense as is a mortgage or a con-tract made under an existing law. At· any rate, the act in question only goes to the mode of enforc-ing or collecting the·judgment; or, in other words, goes to the remedy and not to the right itself. This act does not take away any liability of the judgment debtor. It simply said to the creditor, if you desire to retain a lien upon the real estate of your debtor, you must file a trans-cript of the judgment obtained in the probate court, in the district court, within sixty days; and if you do not file such transcript within that time, your judgment lien shall be suspended, and shall be inoperative upon real estate of your judgment debtor, until after you shall have filed such transcript with the clerk of the district court.

Counsel for appellee cite many authorities to the effect that a mortgage executed under existing law, shall be foreclosed under such law, even though it was subse-quently repealed and a new law enacted, which gave a different period in which the mortgagor was entitled to redeem. These cases are not similar to the one under consideration, and have no application to the case at bar. The act in question is more nearly like acts which have been passed by many of the states to the effect that

mortgage notes should not bind the property of the maker thereof, as against third parties or creditors, unless such notes were filed or recorded with the register of deeds of the county wherein the property is located, within a certain period. We have failed to find where any court has held that these acts were unconstitutional, or in any way abridged a vested right. It is also in some respects similar to an act which changes the statute of limitation; and the better authority is that the legislature has power to either lengthen or shorten the statute of limitations; and such acts are valid and binding provided, however, they allow a reasonable time for the creditor to bring his suit. Was sixty days after the approval of the act in question, a reasonable time in which to file a transcript of the judgment rendered in the probate court with the clerk of the district court? We think it was, and therefore hold that the act was not unconstitutional, and did not affect any vested right in any manner.

Under our construction of the law, we hold that a judgment which was rendered in the probate court before the passage of the act referred to above, operated as a lien upon the real estate of the judgment debtor within the county where such judgment was rendered, for a period of sixty days after the approval of the act; but was thereafter suspended and became inoperative until after the filing of a transcript or abstract in the office of the clerk of the district court; and that a judgment rendered in the probate court after the approval of such act on March 7, 1893, and prior to the repealing of such act on March 5, 1895, did not, during that period, operate as a lien upon the real estate of the judgment debtor, until after the

filing of a transcript or abstract of the judgment in the district court .

The only interest the plaintiff below claimed to have in the  real estate of the defendants, and for which judgment was rendered directing the sale of the same, was by virtue of his supposed lien under his judgment in the probate court.  As no transcript of that judgment was ever filed in the office of the clerk of the district court, we hold that the trial court erred in sustaining the motion of plaintiff below for judgment on the pleadings, and in rendering judgment directing such real estate to be appraised, advertised and sold to satisfy plaintiff's judgment; that the plaintiff, by failing to file a transcript with the clerk of the district court within the time provided by law, lost his lien, and the sale made made by L. M. Spencer and wife to P. S. Kearn, conveyed to him a valid title, as against the plaintiff, Charles Rippe.

The judgment of the lower court is hereby reversed at the costs of the appellee.

Tarsney, J., having presided in the court below, and Burford, C. J., not sitting; all of the other Justices concurring.