ISAAC LOWENSTEIN v. M. E. YOUNG

(Filed Feb. 11, 1899.)

1. PROBATE COURT — *Judgment — Lien on Real Estate — How Created.* On February 14, 1893, the plaintiff recovered judgment against the defendant in error in the probate court of Logan county for $121. On February 18, 1893, he filed in the office of the district clerk of Oklahoma county a transcript of said judgment, and it was duly entered on the judgment and execution dockets of the said court. On March 14, 1893, execution was issued by the clerk of the district court of Oklahoma county upon said judgment, and levied upon the land of defendant in error, who was a married woman. The lots were advertised to be sold, when, on April 14, 1893, this suit was brought, and further proceedings on the execution enjoined. *Held,* that the probate court had at the time concurrent jurisdiction with the district court, and was a court of record, and the plaintiff had a right to have his judgment recorded and entered in the judgment docket of the clerk s office of any county in the Territory; that said judgment, so entered, became a lien on all real estate situated in the county where the judgment was so filed; and that, the judgment having been so filed, the plaintiff was entitled to all the benefits of the Code of Civil Procedure which he would have had upon a judgment rendered in the district court of the county in which the transcript of judgment was so filed, including "procedure both before and after judgment," a part of which was the right of execution, together with the procedure under Code Civ. Proc. art. 25, title "Executions." (Statutes 1890, p. 861.)

2. SAME—*Act of 1893 Confirmatory of Jurisdiction.* The article "Regulating Liens of Judgments Rendered in Probate Court," which was

Statement of the Case.

passed by the legislature of Oklahoma and approved March 7, 1893, found upon pages 1190 and 1191 of the Statutes of 1893, is confirmatory of the jurisdiction as described in the first head of the syllabus, and was intended to complete, and not to limit, the jurisdiction of the probate court, and the right of the plaintiff to have execution upon a transcript of judgment filed in the clerk's office of the district court of any county in the Territory from a judgment of any probate court in the Territory.

3. STATUTE—*Misprint—Error Corrected.* The word "hereafter," in the first line of section 2, p. 1190, of Addenda to the Statutes of 1893, relating to judgments, is a misprint, and the statute should read "heretofore;" the latter having been the word used in the engrossed bill as it passed the legislature and was approved and became a law.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*J. L. Brown,* for plaintiff in error.

*Thos. F. McMechan,* for defendant in error.

Action by M. E. Young against Isaac Lowenstein. Judgment for plaintiff. Defendant brings error. Reversed.

STATEMENT OF THE CASE.

This action was begun by M. E. Young, the defendant in error, upon April 14, 1893, by the filing of a petition in the district court of Oklahoma county, making the sheriff of that county defendant, and charging that he had levied an execution in favor of Lowenstein upon lots of land in Oklahoma City belonging to her, and that he was about to sell them, and alleging (1) that the lots were her homestead, and as such exempt from execution; and (2) that the judgment was rendered in the probate court of Logan county, and that no execution had been issued from the probate court, and that the execution issued by

the clerk of the district court of Oklahoma county was improvidently issued. A temporary injunction was granted. The sheriff returned the execution as he was enjoined to do, and, dying soon thereafter, Lowenstein was substituted as defendant. The defendant answered, denying the allegations of the petition, and praying for a new execution; and the cause was thereafter, upon the issues made, referred, and findings of fact and conclusions of law made by the referee. Motions were thereupon made by the plaintiff for judgment as recommended by the referee, and by the defendant to set aside the recommendations of the referee, and for judgment in his favor upon the findings of fact. The facts found by the referee were agreed to as correct, and the matter submitted to the court below upon the pleadings and facts so found. The material facts, as found by the referee, were as follows: (1) On February 14, 1893, Lowenstein recovered judgment against M. E. Young in the probate court of Logan county, Oklahoma, for $121, which is still unsatisfied. (2) On February 18, 1893, Lowenstein filed in the office of the district court of Oklahoma county a transcript of said judgment, and it was duly entered on the judgment and execution dockets of the said district court. (3) On March 14, 1893, execution was issued by the clerk of the district court of Oklahoma county on said judgment and was levied on the lots of M. E. Young, and they were advertised to be sold thereunder, when, on April 14, 1893, this suit was brought, and further proceedings on the execution enjoined. (4) That plaintiff was, at the time said judgment was rendered and the execution levied, a married woman. Her husband had and owned in Oklahoma City a home, where they reside. The

title to the lots levied on was in plaintiff's name, and she had never lived on said lots. As conclusions of law, the referee found (1) That, under the facts found, the lots levied upon were not exempt to the plaintiff, as a homestead, from levy and sale. (2) That the clerk of the district court had no power to issue execution on a transcript of a judgment from the probate court of another county; that the act of the second legislative assembly (Statutes 1893, Addenda, p. 1190) did not reach to a case where such transcript had been so filed before that act was approved, (March 7, 1893,) although the execution was issued after its approval. On that ground he recommended that the injunction be made perpetual, which the court ordered. Motions for new trial were made before the referee, and before the court below, overruled, and exceptions reserved; and the defendant, Lowenstein, brings the case here.

Opinion of the court by

McATEE, J.: Upon the first proposition it appeared, as admitted in the pleadings and in the facts found by the referee, that the defendant in error was a married woman; that her husband owned a home in Oklahoma City, in which they resided; that she had never lived upon the lots in question, and no conditions were set up upon which the lots could be claimed by her as exempt, as being her homestead. Her claim of homestead was properly excluded. (*McGinnis v. Wood*, 4 Okla. 499, 47 Pac. 492.)

The principal contention in the cause is upon the conclusion of the court that the plaintiff in error was not entitled to execution upon a transcript of judgment filed in the district court of Oklahoma county on February 18, 1893, on a judgment rendered in the probate court of

Logan county on February 14, 1893, at the time the said execution was issued, to-wit, March 14, 1893, and upon which conclusion of law the court permanently enjoined the proceedings upon execution in behalf of Lowenstein. The probate court had at the time jurisdiction to "have and exercise the powers and jurisdiction of justices of the peace." (Statutes 1890, sec. 1638.)

But inasmuch as the jurisdiction of justices of the peace was limited to $100, and the amount found to be due to the plaintiff exceeded that sum, the jurisdiction was that which was set forth in the Statutes of 1890, which provided that probate courts should "in civil cases have concurrent jurisdiction with the district court in all civil cases in any sum not exceeding one thousand dollars." (*Id.*)

And it was a court of record, the Statutes of 1890, sec. 1248, having provided, with reference to jurisdiction of probate courts, that "the proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumptions as to the records, orders, judgments and decrees of district courts."

And it was held by the supreme court of this Territory in *Chandler v. Colcord,* 1 Okla. 260, 32 Pac. 330, that since the probate court had concurrent jurisdiction with the district court, in certain cases, by an act of the territorial legislature which was ratified by congress, the exercise of such jurisdiction must be determined by the Code of Civil Procedure, which provides for the procedure both before and after judgment. At the time the transcript

was given by the probate court of Logan county, and filed in the clerk's office of the district court of Oklahoma county, (February 18, 1893,) the Statutes of 1890, which were in force, provided that:

"Sec. 4634. It shall be the duty of the clerk of any court of record of this Territory, rendering any judgment to make out a certified copy thereof, under the seal of such court, at the request of any person interested; which copy may be filed in the office of the clerk of any district court of this Territory, and when so filed shall be recorded and entered in the judgment docket in the same manner as judgments rendered in any such court.

"Sec. 4635. Such judgment, from the time of filing the copy aforesaid, shall be a lien upon all real estate, including chattels real, of the judgment debtor, situated in the county where filed, as fully as if judgment had been rendered thereon."

At the time of the proceedings in question these provisions of the statute were of full and complete force and effect, and the judgment of the probate court was therefore rightfully filed in the office of the clerk of the district court of Oklahoma county, and rightfully recorded and entered in the judgment docket thereof "in the same manner and to the same extent" as if it had been a judgment of that court,—that is, of the district court of Oklahoma county,—and from the moment of its filing it became a lien upon the real estate in litigation in this case just as fully as if the judgment had been originally rendered in Oklahoma county. And, under the conclusion of the court in *Chandler v. Colcord*, the plaintiff was entitled to the benefit of the "procedure both before and after judgment," not only as to "the right of appeal to the supreme court," as is declared in the syllabus of the opinion in *Chandler v. Colcord*, but also to the right of execu-

tion.    Article 25, sec. 1, Code Civil Procedure, provides
that "any party in whose favor judgment has been here-
tofore or shall hereafter be rendered may, at any time
within five years after the entry of judgment, proceed to
enforce the same as provided in this act." (Statutes of
Oklahoma, 1890, sec. 4697.)

The plaintiff was entitled to all of the provisions of
said article 25, title, "Executions," (Statutes 1890, p. 861)
under which the proceedings were taken in his behalf
herein; and, since the Statutes of 1890 provided that the
proceedings of the probate court should be accorded like
force, effect, and legal presumption as the records, orders,
judgments, and decrees of the district courts, and should
be regarded and construed with all like intendments as
the proceedings of courts of general jurisdiction, and in
respect to the matter in question here the probate court
was therefore a court of record, the plaintiff was author-
ized and empowered to take a certified copy of the judg-
ment which was rendered in his behalf in the probate
court of Logan county, and it was the duty of the clerk
of that court to make out a certified copy for him; and
he had a right to file it with the clerk of the district court
of Oklahoma county, and to have it recorded and entered
in the judgment docket of that court, and it became there-
upon a lien upon the real estate of the defendant stand-
ing in her name in Oklahoma county, as completely as if
it had been a judgment rendered in the district court of
Oklahoma county, and he was therefore entitled to the
benefit of the execution which was issued in his favor
after judgment.

No brief was filed for the defendant in error, but it
appears to have been argued that the power to proceed as

we have indicated was not complete, and that, for the purpose of removing all doubt as to the remedy of the plaintiff against the real estate of his judgment debtor, in a case in which the copy of a judgment of the probate court from one county was filed in the clerk's office of the district court of another county, the act "regulating liens and judgments rendered in probate courts," which was passed by the legislature of Oklahoma and approved March 7, 1893, and is found upon pages 1190 and 1191 of the Statutes of 1893, was enacted, and that the provisions of that act relate to judgments thereafter rendered, and thereafter filed, from probate courts, in the clerk's office of the district courts of this Territory. Section 2 of that act reads as follows:

"That all judgments hereafter rendered by any probate court within the Territory of Oklahoma shall cease to be a lien upon real estate at the end of sixty days after the approval of this act, and until there shall be an abstract thereof certified and filed in the office of the clerk of the district court, as hereinafter provided."

The provisions of this act have been examined heretofore, at this term in the case of *Spencer v. Rippe*, 7 Okla. 608, 56 Pac. 1070, in which it was found that, upon examination of the enrolled bill in the office of the secretary of the Territory, the correct reading of the statute is that "all judgments heretofore rendered," etc., and that the word "hereafter" as printed in the statute in lieu of the word "heretofore" is a misprint. The enrolled bill, containing the statute as it was passed, is therefore the law as it is now in force. And section 3 of the act provides fully and expressly the methods of recovery which we have been here considering, and affirming to have existed

before in the Statutes of 1890, by the filing of judgments from probate courts in the office of the clerks of the district court of any county in the Territory, and does little or nothing more to affect the force of what we have found to be plainly manifest in the Statutes of 1890.

We think the effect of this whole statute of addenda, approved March 7, 1893, that "no execution shall be issued from the probate court on such judgment," was expressly stated in the Statutes of 1890, which are collated above, and in the judgment of this court in the case of *Chandler v. Colcord.* It was manifestly the intention of the legislature to provide that the judgments of the probate courts should be rendered completely effective; and it would be an absurdity to construe the statutes which have been enumerated above (either the sections of the Statutes of 1890, standing by themselves or the addenda act of March 7, 1893,) as having any other meaning or force than that the plaintiff, having procured a judgment and pursued the provisions of the statute, should be entitled to execution, and that, having gone so far as to comply fully with the statute in filing his judgment in the district court, he should not thereafter be deprived of the benefit of the execution. The finding of the district court will be reversed, and the cause is remanded, with directions to the court below to dissolve the injunction and awarded to the plaintiff in error a new execution against the lands levied upon.

All of the Justices concurring.