[No. 7808. Decided August 30, 1909.]

AMERICA C. BRAMEL, *Respondent*, v. FRED S. RATLIFF, *as Sheriff of Whitman County et al., Appellants.*[1]

HUSBAND AND WIFE—SEPARATE DEBT OF HUSBAND—LIABILITY OF WIFE'S SEPARATE ESTATE. Judgment recovered in another state against the husband alone, on a contract relating to his separate estate, in an action wherein the wife appeared and her demurrer to the complaint was sustained, is the separate debt of the husband, and a judgment thereon in this state, against the husband alone, cannot be enforced against the wife's separate property.

EXECUTION—ISSUANCE—JUDGMENT IN ANOTHER COUNTY—SALE—VALIDITY. Execution cannot be issued by the superior court of one county upon the transcript of a judgment rendered by the superior court of another county, and any sale under such an execution would be void.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered May 6, 1908, in favor of the plaintiff, upon sustaining demurrers to answers, in an action to enjoin an execution sale. Affirmed.

*John O. Bender*, for appellants.

*Thomas Neill*, for respondent.

CROW, J.—This action was commenced by America C. Bramel against Fred S. Ratliff, sheriff of Whitman county,

[1]Reported in 103 Pac. 817.

to enjoin him from selling plaintiff's separate property, upon which he had levied an execution, issued on a judgment against T. E. Bramel, plaintiff's husband. The judgment creditor, William Vecans, intervened, pleading his judgment, and the sheriff answered making substantially the same allegations as did the intervener. Separate demurrers to the answer and complaint in intervention were sustained, the defendant and intervener declined to plead further, and judgment was entered enjoining the sale and quieting plaintiff's title. The defendant and intervener have appealed.

The sheriff and intervener each failed to deny any material allegation of the complaint, but pleaded affirmative matter only, and the only question before us is whether the answer, or the complaint in intervention, stated facts sufficient to constitute a defense. The pleadings of the two appellants being in substance the same, a consideration of the complaint in intervention will be sufficient. The respondent alleged that T. E. Bramel was her husband; that the appellant, William Vecans, had obtained a judgment against T. E. Bramel in the superior court of Asotin county; that he had caused a transcript thereof to be filed in the office of the clerk of the superior court of Whitman county; that an execution had been issued thereon, out of the latter court, which the sheriff had levied on land in Whitman county, respondent's separate property; that respondent was not a party to the action in which the judgment had been obtained in Asotin county; and that the sheriff was about to sell her separate property and cloud her title.

In his complaint in intervention, the appellant William Vecans in substance alleged, that on February 15, 1906, the respondent America C. Bramel and T. E. Bramel, her husband, had, by written contract, agreed to sell and convey to Henry Vecans and Otto H. Olson certain land in Whitman county, which was the vendors' community property; that on April 21, 1906, Henry Vecans and Otto H. Olson commenced an action in the district court of the second judicial dis-

trict of the state of Idaho, against America C. Bramel and T. E. Bramel, on the contract of sale, to recover $6,200; that the defendants therein appeared jointly by motion to strike, and by demurrer to the complaint; that thereafter America C. Bramel appeared separately and interposed her demurrer to the amended complaint, which was sustained; that T. E. Bramel answered; that the cause was tried on the issues thus raised; that judgment was entered against T. E. Bramel alone for $3,778.50; that America C. Bramel appeared at the trial by the same attorneys who represented her husband; that she defended in like manner as though she had answered; that the land described in the contract of sale was the community property of Bramel and wife; but that at the trial Bramel and wife had alleged it was the separate property of T. E. Bramel; that because of such contention and representation the action was not prosecuted on the theory that it was community property; that on November 24, 1906, the judgment obtained against T. E. Bramel in Idaho was assigned to William Vecans, the intervener and appellant, who commenced an action thereon against T. E. Bramel, in the superior court of Asotin county, Washington, and there obtained the judgment on which the execution involved herein was afterwards issued by the clerk of the superior court of Whitman county.

It affirmatively appears, from the complaint in intervention, that the land described in the contract of sale, which was the subject-matter of the action in Idaho, was not the land involved in this action. The land here involved is alleged by respondent to be her separate property, and that allegation is not denied by either appellant. The Idaho judgment was entered against T. E. Bramel alone, in an action in which the demurrer of America C. Bramel had been sustained, and was obtained upon the theory that the land then under consideration was the separate property of T. E. Bramel. It has not been alleged, nor does it appear, that America C. Bramel had contracted any obligation or incurred any liabil-

ity relative to the land or the contract of sale involved in the Idaho action. It does appear that the Idaho judgment was the sole cause of action upon which the subsequent judgment was obtained in Asotin county, Washington. These facts indicate that the two judgments against T. E. Bramel were rendered for his separate debt. There is an utter absence of allegations to show that either one of the judgments was predicated upon any obligation, community or otherwise, for which the separate property of America C. Bramel could be held. The complaint in intervention failed to state any cause of action against the respondent and in favor of the intervener, or a defense to the complaint. The answer of the sheriff was also insufficient, and the demurrers were properly sustained.

The respondent was entitled to an injunction in this action for another reason. The judgment upon which the execution was issued was rendered in the superior court of Asotin county, while the execution under which the sheriff was proceeding was issued out of the superior court of Whitman county. Any sale made under such an execution would not convey any interest in the land, but would only cast a cloud upon respondent's title. *Murray v. Briggs*, 29 Wash. 245, 69 Pac. 765; *Humphries v. Sorenson*, 33 Wash. 563, 74 Pac. 690.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, MOUNT, DUNBAR, and PARKER, JJ., concur.

CHADWICK, J., took no part.