## GARNETT *et al.* v. GOLDMAN.

No. 2873. Opinion Filed October 21, 1913.

(135 Pac. 411.)

1. **STATUTES—Repeal.** A statute revising the whole subject-matter of former acts, containing in the main the provisions of the former acts, and evidently intended as a substitute for them, although it contains no express words to that effect, operates to repeal the former acts.

2. **JUDGMENT—Liens—Repeal of Statutes.** The act entitled ''An act regulating liens of judgments rendered in probate courts,'' passed March 7, 1893, found in the addenda to the Statutes of Oklahoma, 1893, p. 1191, was repealed by substitution by section 432 of the Civil Procedure Act (St. Okla. 1893, sec. 4310), adopted by the same legislative assembly, and by the amendment to said section (section 5941, Comp. Laws 1909 [Rev. Laws 1910, sec. 5148]).

3. **EXECUTION—Right to Issue—Transcript of Judgment.** Where a transcript of a judgment of a probate (county) court has been filed in the district court of the same county, the clerk of the latter court, prior to the adoption of the Revised Laws of 1910, was without authority to issue an execution thereon.

4. **SAME.** A statute, requiring that execution shall only issue from the court in which the judgment was rendered, does not authorize

the clerk of a district court to issue execution on a judgment of the county court, an attested copy of the journal entry of which latter judgment is filed with the district court, as provided by section 5941, Comp. Laws 1909 (Rev. Laws 1910, sec. 5148.)

5. **SAME—Sheriff's Sale—Validity—Effect.** Prior to the adoption of the Revised Laws of 1910, a sheriff's sale, made under authority of an execution issued out of the district court to the sheriff of another county, on a transcript of a judgment of a county court, is a nullity, and conveys no title, but instead casts a cloud upon the title to the lands attempted to be sold.

6. **SAME—Right to Issue.** Unless otherwise provided by statute, an execution can issue only from the court in which the judgment was rendered.

(Syllabus by Sharp, C.)

> *Error from District Court, Oklahoma County;*
> *Geo. W. Clark, Judge.*

Action by M. Goldman against Charles H. Garnett and others, to quiet title. Judgment for plaintiff, and defendants bring error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiffs in error.

*Harris & Nowlin,* for defendant in error.

Opinion by SHARP, C. On the 26th day of August, 1907, in the probate court of Kiowa county, then territory of Oklahoma, in an action wherein D. M. Wyrick was plaintiff and M. Goldman was defendant, a judgment was rendered in favor of the plaintiff in the sum of $200, and for costs of suit. Thereafter a transcript of said judgment was filed in the district court of Kiowa county, territory of Oklahoma, upon which an execution was afterwards issued by the clerk of the district court, directed to the sheriff of Oklahoma county, Okla., commanding him to seize and levy upon the property and real estate of the said judgment debtor situated within his county. Pursuant thereto a levy was made on the lots involved in the present action, which were sold at sheriff's sale and purchased by plaintiffs in error Garnett and Swisher, to whom a sheriff's deed to said lots was executed. Thereafter the said purchasers at said execution sale sold said lots to plaintiffs in error McClintock

and Corder, who at the time of the institution of the present action claimed to be the owners thereof. To the plaintiff's petition, seeking to have quieted in said plaintiff the title in and to said lots, and to cancel and hold for naught the interest, claim, right, title, and equity, of the defendants on account of the execution of said sheriff's deed, and the conveyances thereunder, defendants demurred, which demurrer was overruled. Thereafter said defendants Garnett and Swisher filed their joint answer, as did the defendants McClintock and Corder. Thereupon the plaintiff filed motion for judgment on the pleadings, which motion was by the court sustained, and on the 13th day of May, 1911, a judgment was entered in plaintiff's behalf, and the said sheriff's deed and the deed executed by defendants Garnett and Swisher to the defendants McClintock and Corder were each held to be null and void, and the plaintiff adjudged to be the owner in fee simple of the aforesaid lots, free, clear, and discharged of any right, title, claim, interest, or estate, either legal or equitable, of the said defendants, and each of them. Motion for new trial being filed and overruled, the case is brought here for review, the errors assigned being: (1) Error in overruling defendants' demurrer to plaintiff's petition; (2) error in sustaining plaintiff's motion for a judgment on the pleadings; (3) error in overruling defendants' motion for a new trial.

It will be necessary to consider but one of the legal questions presented in the brief of counsel for plaintiffs in error. Was the execution, pursuant to which the levy was made, valid, or was it void? Plaintiffs in error's title, if any they had, was initiated through the sheriff's levy of the execution sued out of the district court of Kiowa county, directed to the sheriff of Oklahoma county, and under the authority of which the execution sale was subsequently made. The judgment, as we have seen, was one rendered by the probate court of Kiowa county, in what was then Oklahoma Territory, and a transcript of which judgment was filed in the district court of Kiowa county. Plaintiffs in error claim authority to issue execution, as was done, by

virtue of section 3 of the Act of March 7, 1893 (Addenda St. Okla. 1893, p. 1191), which provides:

"Any person desiring to make a judgment rendered in a probate court of the territory of Oklahoma, a lien on real estate, shall procure from the probate judge a certified copy of such judgment, and file the same in the office of the clerk of the district court, in any county in the territory, and when so filed such judgment shall be a lien upon any interest in land owned or acquired by the debtor during the life of such judgment and lying in the county where the judgment is so filed."

Said section further provides that:

"From the date of such filing it shall become a judgment of the district court, with like force and effect as if it had been rendered by the district court, on the day it was filed with the clerk of the district court, and shall thereafter be enforced as a judgment of the district court, and after the filing of such abstract in the district court, no execution shall be issued from the probate court on such judgment."

On the part of the defendant in error it is urged that the section of the 1893 Statutes quoted in part was shortly after its adoption repealed, and that there is no authority of law for issuing an execution out of a court in which a transcript of a judgment of another court has been filed, but that, on the other hand, an execution can only issue from the court in which the judgment is rendered. The legislative history involving the passage of the addenda to the 1893 Statutes, as found on pages 1187-1191, of said statutes, has been considered by the predecessor to this court, the territorial Supreme Court, and by this court, on several occasions, and it will be unnecessary, therefore, to other than cite the opinions discussing and construing these statutes in their relation to subsequent statutes covering the same subject-matter. *Spencer et al. v. Rippe,* 7 Okla. 608, 56 Pac. 1070; *J. W. Ripey & Son v. Art Wall Paper Mill,* 27 Okla. 600, 112 Pac. 1119; *Hudson v. Ely et al.,* 36 Okla. 576, 129 Pac. 11. Whatever may have been the purpose and intent of the Legislature in passing the act regulating liens of judgments rendered in probate courts, approved March 7, 1893, found in the addenda, it is clear that it must give way, if subsequent thereto

the Legislature passed an act repugnant to, and in direct con-
flict with, is provisions.   This was held in *J. W. Ripey & Son
v. Art Wall Paper Mill, supra,* and *Hudson v. Ely et al., supra.*
In the latter case the same enactment was under consideration.
There we considered, not only section 432 of the Civil Procedure
Act (section 4310, St. Okla. 1893), but the amendment to said
section, as found in the Session Laws of 1905, pages 320, 321,
and section 1 of which amended act is section 5941, Comp. Laws
1909 (Rev. Laws 1910, sec. 5148).   In that case a transcript of
a judgment of the county court of Pawnee county had been filed
with the clerk of the district court of Noble county, on which
execution was thereafter issued by the clerk of said district
court; and it was held that the clerk of the district court of a
county in which a transcript of a judgment of a county court
of another county was filed was without authority to issue exe-
cution on said judgment; that in such cases execution could only
issue from the court in which the judgment was rendered.   This
conclusion was reached under authority of section 4310, St. Okla.
1893, as amended by section 5941, Comp. Laws 1909 (Rev. Laws
1910, sec. 5148).   The opinion proceeds upon the theory that
the act as amended dealt with the same general subject-matter,
and sought to accomplish the same general purpose, and being
complete within itself, worked a repeal by substitution of the
provisions of the addenda.   Directing especial attention to the
conflict in the two statutes, we there said:

"Particularly is this true in the latter clause of section 3,
which provides that after the filing of an abstract of a judgment
of a probate court in the district court, no execution shall be
issued from the probate court on such judgment.   In the subse-
quent acts, speaking with reference to the same character of
judgments, the statute enacts that execution in such cases shall
only be issued from the court in which the judgment is rendered."

It is a familiar rule of law that a statute revising the whole
subject-matter of former acts, containing in the main the pro-
visions of said acts, and evidently intended as a substitute for
them, although it contains no express words to that effect, oper-
ates to repeal the former acts.   *Fritz v. Brown,* 20 Okla. 263,

95 Pac. 437; *Smock v. Farmers' Union State Bank,* 22 Okla. 825, 98 Pac. 945; *Ticer v. State ex rel. Holt, Co. Atty.,* 35 Okla. 1, 128 Pac. 493.

Nor do we think that our conclusions are in conflict with the decisions of the Territorial Supreme Court, in *Spencer v. Rippe,* 7 Okla. 608, 56 Pac. 1070, and *Lowenstein v. Young,* 8 Okla. 216, 57 Pac. 164; the facts in those cases being considered. While in the latter case the court was of the opinion that section 432 of the Civil Procedure Act, in the particular question there under consideration, did not repeal a provision of the addenda, yet the court was careful to say that if a repeal was worked, it was not until the passage of the Act of March 15, 1905 (Sess. Laws 1905, pp. 320, 321). It would indeed be difficult to conceive of language more hopelessly conflicting than the particular provision of the two acts involved. The earlier act provides that no execution shall be issued from the probate court on a judgment, a certified copy of which shall have been filed in the office of the clerk of the district court, while the latter act, also referring to transcripted judgments of courts of record, such as was the county court of Kiowa county, expressly provides that after the filing in a district court of a transcript of a judgment of another court of record, execution should only be issued from the court in which the judgment was rendered.

Unless otherwise provided by statute, an execution may issue only out of the court rendering judgment, and this rule applies even though transcripts of such judgments have been filed in other courts. Freeman on Executions, secs. 10, 13, 15; *McGinnis v. Seibert,* 37 Okla. 272, 134 Pac. 396; *Seaton v. Hamilton,* 10 Iowa, 394; *Furman v. Dewell,* 35 Iowa, 170; *Mudge v. Livermore et al.,* 148 Iowa, 472, 123 N. W. 199; *Shattuck v. Cox,* 97 Ind. 242; *Lovelady v. Burgess,* 32 Ore. 418, 52 Pac. 25; *Bostwick et al. v. Benedict,* 4 S. D. 414, 57 N. W. 78; *Murray v. Briggs,* 29 Wash. 245, 69 Pac. 765; *Bramel v. Ratliff,* 54 Wash. 581, 103 Pac. 817.

What has been said expresses our view of the law as it

stood prior to the adoption of the Revised Laws of 1910. Sections 4412, 4413, 4414, St. Okla. 1893, referred only to judgments of justices of the peace, while sections 5217, 5218, 5219, Revised Laws 1910, have changed the former statutes so as to include judgments rendered by county courts. Section 432, art. 17, c. 66, St. Okla. 1893, as amended by the Act of March 15, 1905 (Sess. Laws 1905, pp. 320, 321; section 5941, Comp. Laws 1909), was changed by section 5148, Rev. Laws 1910, which expressly permits executions to be issued from the court in which a transcript of a county court judgment is first filed. This statute, however, can have no application here, not being in force at the time of the issuance of the execution under which the sale was attempted.

We conclude, therefore, that the execution issued out of the district court of Kiowa county was void, and that all proceedings subsequently had thereunder were necessarily invalid, and that the purchasers at the sheriff's sale, had under the authority of said void execution and levy made thereunder, took no title and acquired no rights to the premises attempted to be sold by the sheriff.

The judgment of the trial court should therefore in all things be affirmed.

By the Court: It is so ordered.