## FRITZ v. BROWN.

No. 669, Ind. T.    Opinion Filed Feb. 18, 1908.

(95 Pac. 437.)

1.    **CHATTEL MORTGAGES—Filing Renewal Affidavit—Statutory Provisions—Repeal.** Section 4751 of Mansfield's Digest of the Statutes of Arkansas of 1884 (Ind. T. Ann. St. 1899, sec. 3062), extended in force in the Indian Territory, was not repealed by Act Cong. Feb. 19, 1903, c. 707, 32 Stat. 841, providing for the record of deeds of conveyance and other instruments of writing in the Indian Territory.

2.    **SAME—Renewal Affidavit—Requisites.** The provisions of chapter 110 of said Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, c. 51), extended in force in the Indian Territory, do not require an affidavit for the renewal of a chattel mortgage, before it is filed, to be indorsed, "This instrument to be filed but not recorded," and signed by the mortgagee, or his authorized agent.

3.    **SAME—Effect As Validating Filing of Mortgage.** The filing of a renewal affidavit, regular in form, does not have the effect to validate the filing of a mortgage that was not filed in compliance with section 4750 of said Mansfield's Digest of Statutes of Arkansas (Ind. T. Ann. St. 1899, sec. 3061), extended in force in the Indian Territory.

4.    **SAME—Insufficiency.** A renewal affidavit that is not made by the mortgagee, his agent, or attorney, and that does not state with sufficient clearness for a stranger to said mortgage to be able to ascertain therefrom whether the amount claimed by the mortgagee to be due by the mortgagor is due on the note secured by the mortgage, or is due on other indebtedness not secured by said mortgage, is insufficient to renew a mortgage.

(Syllabus by the Court.)

*Error from the United States Court for the Northern District of the Indian Territory; before Wm. R. Lawrence, Judge.*

Replevin by R. A. Brown against Margery R. Fritz. Judgment for plaintiff, and defendant appealed to the United States Court for the Northern District of the Indian Territory, in which

court judgment was entered for plaintiff, and defendant appealed to the United States Court of Appeals in the Indian Territory, where the cause was pending at the time of the admission of Oklahoma to the Union. Reversed and remanded.

This is an action in replevin, brought in the United States Commissioner's Court for the Fifth Division of the Northern District of the Indian Territory, on the 27th day of February, 1905, by R. A. Brown, appellee, who was plaintiff in the court below, against Margery R. Fritz, appellant, who was defendant in the court below, for the possession of one gray mare. The case was tried before the court sitting as a jury, and judgment was rendered for the plaintiff for the possession of said mare of the value of $85, and for the damages in the sum of $2.85, from which judgment of the United States Commissioner's Court the defendant appealed to the United States Court for the Northern District of the Indian Territory, in which court the case was tried before the court, on an agreed statement of facts, and judgment was, on the 13th day of May, 1905, entered by that court in favor of the plaintiff against the defendant for the possession of said mare, whose value was fixed at the same amount fixed by the court below. From the judgment of the United States Court for the Northern District of the Indian Territory, defendant appealed to the United States Court of Appeals in the Indian Territory, where said cause was pending at the time of the admission of the state into the Union, and it comes to this court under the terms of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267).

The agreed statement of facts under which said case was tried, both in the United States Commissioner's Court, and in the United States District Court for the Northern District of the Indian Territory, is, in substance, as follows: That on the 16th day of March, 1903, one J. K. Richesin executed and delivered to the plaintiff, R. A. Brown, a chattel mortgage, a copy of which is attached as an exhibit to said stipulation, to secure the payment of a promissory note for the sum of $191.25, due six months after

date, by which mortgage the said Richesin conveyed to the plaintiff, R. A. Brown, the said mare in controversy; that said mortgage was duly filed on the 16th day of March, 1903, and that on the 12th day of March, 1904, plaintiff filed a renewal affidavit of said mortgage, a copy of which is attached as an exhibit; that on the 25th day of May, 1904, the said J. K. Richesin executed and delivered to the Farmers' National Bank of Vinita a chattel mortgage, by which chattel mortgage he conveyed to said Farmers' National Bank said mare, which mortgage was duly filed on the 27th day of May, 1904. The Farmers' National Bank, later in the year 1904, sold said mare under the terms of said mortgage to the defendant. It is agreed in said stipulation of facts that the value of said mare is $85, and if the plaintiff is entitled to recover the possession of said mare, he is also entitled to recover damages in the sum of $2.85. Said chattel mortgage, attached as an exhibit in said stipulation of facts, however, is a chattel mortgage from J. K. Richesin of the first part to the Citizens' Bank of Pryor Creek of the second part, conditioned that party of the first part shall pay or cause to be paid to said party of the second part a note for the sum of $191.25. It nowhere appears in said record that plaintiff is a party to said mortgage. Said mortgage, however, bears the following indorsement:

"Chattel Mortgage with Power of Sale. Appraisement Waived. J. K. Richesin, Mortgagor, to R. A. Brown, of Pryor Creek, I. T., Mortgagee. This instrument to be filed but not recorded. R. A. Brown, Mortgagee."

Said renewal affidavit attached as an exhibit is, in other words and figures, as follows, to wit:

"R. A. Brown, being first duly sworn, states: That on the 16th day of March, A. D. 1903, J. K. Richesin executed and delivered to R. A. Brown one certain chattel mortgage, to secure the payment of $191.25, and all other indebtedness due said R. A. Brown from J. K. Richesin. That said mortgage was filed on the 15th day of March, 1903, with the clerk of the United States Court at Pryor Creek, Northern District, Indian Territory. That

there is yet due R. A. Brown from said J. K. Richesin the sum of $81.25 and interest.

"[Signed]                                    R. A. BROWN.

"Subscribed and sworn to before me this 12th day of March, 1904.

"[Signed]                      C. J. TAYLOR, Notary Public.
                                               "[Seal.]"

*McCullock & Probasco,* for appellant.

*C. J. Taylor,* for appellee.

HAYES, J. (after stating the facts as above). Appellant makes three assignments and specifications of error, as follows: First. That the court erred in overruling defendant's objection to the introduction by plaintiff of plaintiff's said chattel mortgage and renewal affidavit to sustain the title plaintiff depended upon to recover in this action as against the defendant, and holding that said renewal affidavit was sufficient to keep alive plaintiff's mortgage as against this defendant. Second. The court erred in overruling defendant's motion for a new trial. Third. The court erred in rendering judgment in favor of the plaintiff and against the defendant.

We shall consider all of said assignments of error together, and in doing so, three questions are presented to this court: First. Did Act Cong. Feb. 19, 1903, c. 707, 32 Stat. 841, entitled "An act to provide for the record of deeds and other conveyances of writing in the Indian Territory, and for other purposes," repeal chapter 110, on Mortgages, of Mansfield's Digest of the Statutes of Arkansas of 1884 (Ind. T. Ann. St. 1899, c. 51), put in force in the Indian Territory by an act of Congress of May 2, 1890? And, if not, did said act of Congress repeal section 4751 of said statutes contained in said chapter? Second. Do the provisions of chapter 110 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, c. 51), require that affidavits for renewal of mortgages be indorsed, "To be filed but not recorded," and then signed by the mortgagee or his authorized agent? Third. Are the contents of said renewal affidavit sufficient to renew said mortgage,

and to convey notice of appellant's interest in said mortgage and of the amount due him on the indebtedness secured thereby at the time of filing said affidavit?

There are three modes of repealing a statute: By an express repeal, repeal by implication, and repeal by an act covering the same subject, which latter method is often called repeal by substitution. The act of Congress of February 19, 1903, contained no repealing clause, and did not by express provision repeal any statute in force in the Indian Territory. It results, then, that if said chapter 110, on Mortgages, was repealed by said act, it must have been repealed either by implication or by the fact that said act of Congress was passed as a substitute for said chapter 110 and the provisions contained therein. Repeals by implication are generally accomplished by the statute repealed being in whole or in part repugnant to or inconsistent in whole or in part with the repealing act; but repeals by implication are not favored, and such repugnancy must be clear in order to effect a repeal, and where it is possible, the rule is to give both acts effect (*United States v. Tynen*, 11 Wall. [U. S.] 88, 20 L. Ed. 153; *District of Columbia v. Hutton*, 143 U. S. 18, 12 Sup. Ct. 369, 36 L. Ed. 60; *Iverson v. State*, 52 Ala. 170); and where an appeal is effected by implication, it will be measured and given effect only to the extent that there is conflict or inconsistency between the act effecting the repeal and the act repealed (26 Am. & Eng. Ency. of Law, 727). A repeal by substitution is effected where the latter of two acts covers the whole subject of the first, and plainly shows it was intended as a substitute for the first act. *District of Columbia v. Hutton, supra.*

Let us, then, examine said chapter 110, on Mortgages, of Mansfield's Digest of the Statutes of Arkansas, and the act of Congress of February 19, 1903, and ascertain whether the terms and provisions of the one are, either in whole or in part, repugnant to or inconsistent with the provisions of the other. The subject-matter of said act of Congress, in so far as it affects the matters under consideration, provides for recording places at each place

where the United States Court is held in the Indian Territory, defines the duties of clerks and deputy clerks as recorders, and provides that certain instruments may be filed instead of being recorded. Section 4742 of said chapter 110, on Mortgages, provides how mortgages, whether for real or personal property, shall be proved or acknowledged, and when so proved or acknowledged shall be recorded, if for lands, in the county or counties in which the lands lie; if for personal property, in the county in which the mortgagor resides. This section, however, had by an act of Congress of February 3, 1897, been so amended that mortgages executed by mortgagors who were nonresidents of the Indian Territory should be recorded in the judicial district in which the property was located. To what extent are the provisions of this section in conflict with said act of Congress? The act of Congress of February 19, 1903, is in conflict with said section 4742, to the extent that said act requires mortgages of personal property to be recorded in the district where said property is located, rather than in the district where the mortgagor resides, when the mortgagor is a resident of the Indian Territory, and to this extent said section is repealed by said act of Congress. But the language of said section 4742 that mortgages shall be proved or acknowledged in the manner that deeds for the conveyance of real estate are required to be proved and acknowledged, before the same shall be recorded, does not conflict with the language of said act of Congress of February 19, 1903, which says that it shall be the duty of the clerk or deputy clerk to record, in books provided for his office, all deeds, mortgages, *et cetera,* for the reason that the subject-matter and purposes of said sections of Mansfield's Digest is to prescribe how mortgages shall be proved or acknowledged, and what mortgages shall be admitted to record; whereas the evident purpose of said language of the act of Congress of February 19, 1903, is to prescribe and impose upon the clerks or deputy clerks of the courts of the Indian Territory a duty that had not hitherto been imposed upon them, and it is not the purpose of said paragraph, of which

said language is a part, to prescribe what mortgages or instruments shall be entitled to record.

Said act of Congress put in force in the Indian Territory chapter 27, on "Conveyance of Real Estate," of the Statutes of Arkansas of 1884, which said chapter provides how deeds and other instruments affecting real estate should be acknowledged or proved; and section 660 contained in said chapter is as follows:

"All deeds and other instruments of writing for the conveyance of any real estate, or by which any real estate may be affected in law or equity, shall be proved or duly acknowledged in conformity with the provisions of this act before they or any of them shall be admitted to record."

To hold that by using in said act of Congress the language, "It shall be the duty of each clerk or deputy clerk of said court to record, in the books provided for his office, all deeds, mortgages, * * *" rendered it unnecessary for mortgages to be acknowledged or proved in the manner prescribed by chapter 110, on Mortgages, in order to be admitted to record, would also force the construction that said language rendered it unnecessary for deeds and other instruments conveying real estate to be acknowledged or proved in the manner prescribed by said chapter 27 in order to admit them to record. That this was not the intention of Congress is further evidenced by the provision of said act, which provides before whom acknowledgments of deeds of conveyance in the Indian Territory may be taken.

Section 4750 of said chapter of Mansfield's Digest (Ind. T. Ann. St. 1899, § 3061) provides that mortgages on personal property may be filed instead of recorded, upon the mortgagee's indorsing on said mortgage or instrument the following language: "This instrument to be filed but not recorded," when such indorsement is signed by the mortgagee, his agent, or attorney, and the filing of said mortgage shall have the same effect as if the same had been recorded. Section 4751 (section 3062) of the same statute provides that such mortgages indorsed and filed shall be void against creditors of the person making the same, or against subsequent

purchasers or mortgagees in good faith after the expiration of one year after the filing thereof, unless within 30 days next preceding the expiration of one year from such filing the mortgagee shall make an affidavit exhibiting his interest at said time, claimed by virtue of said mortgage, and if such mortgage is to secure the payment of money, the amount yet due and unpaid, which affidavit shall be filed with the instrument to which it relates. Under said section 4750 only mortgages on personal property could be filed, the filing of which would have the same effect as recording the same would have. The language of said act of Congress of February 19, 1903, which provides that all instruments limited on their face for a period of time shall be filed if the holder thereof desires, has the effect to modify said section 4750, and extend the provisions thereof to include, not only mortgages on personal property, but also on real estate; but said language of said act of Congress does not repeal said section 4750, for the reason there is nothing in said act that provides how the holder of such an instrument shall indicate his desire to the recorder that he desires the same filed and not recorded. There is nothing in said act in conflict with the provisions of said section that instruments that are to be filed and not recorded shall bear the indorsement aforesaid. Nothing in said act is repugnant to the provisions of sections 4750 and 4751, and it is our opinion that said act has only the effect to modify said section 4750 as herein stated, and, as modified, said sections 4750 and 4751 remain in force.

It cannot be successfully contended that said act of Congress repeals said chapter 110, on "Mortgages," by substitution, for the reason that, to effect repeal by substitution, the latter act must cover the whole subject-matter of the earlier one, and must plainly show that it was intended to be substituted for the earlier act. A mere similarity in their provisions, or in some of their provisions, is not sufficient to effect a repeal. *State v. Ogden*, 50 La. Ann. 982, 24 South. 593; *Adams v. People*, 25 Colo. 532, 55 Pac. 806. Said chapter 110, on "Mortgages," provides how mortgages shall

be proved and acknowledged; what mortgages shall be entitled to be recorded; the effect of recording the same; and when the same shall become a lien; provides how acknowledgment of satisfaction of a mortgage shall be made; that mortgages upon future crops may be made; provides not only what mortgages may be filed and not recorded, but the manner in which the request for such filing shall be made; that the filing may be extended, and the manner of extending same; how such mortgages filed may be used as evidence in the trial of cases; and in detail the kind of records the recorder shall keep, and the character of entries that shall be made therein at the time each instrument is filed; what the effect of giving a mortgage shall have upon the right of possession to the property when the property mortgaged is personal property; how filed mortgages may be canceled; how sales may be made under mortgages, and under what conditions the right of appraisement and redemption may be waived. An examination of the act of Congress of February 19, 1903, discloses that very few, if any, of these subjects provided for in said chapter 110 are covered by said act. We therefore conclude that such act is cumulative of said chapter on mortgages in so far as it affects the subject-matter therein covered, and does not have the effect of repealing said chapter by substitution, and that only such parts of said chapter on mortgages as are repugnant to or in conflict with said act are repealed thereby.

The contention of appellant that the renewal affidavit has to be indorsed, "This instrument to be filed but not recorded," and then signed by the mortgagee or his authorized agent is not tenable, since such is not required by the statute, nor supported by reason. The reason for requiring that chattel mortgages be thus indorsed before the same shall be filed and not recorded is apparent, for the reason that, if the filing of such mortgages is to have the same effect for a limited time as the recording of the same, and that the mortgagee is to be permitted to choose which method he shall select in establishing notice of his lien, some

means should be provided by which he can indicate his selection to the recorder, and by providing, as was done in said section 4750, that, when the instrument is indorsed as therein prescribed, the same should be filed removes the question of whether a mortgage is to be filed or recorded beyond confusion or misunderstanding. But this condition as to renewal affidavits does not exist, for there is no provision of the statute for them to be recorded, nor is there any necessity of a renewal affidavit where the mortgage which it seeks to extend has been recorded. The only thing required to be done by the recorder upon delivery of the renewal affidavit to him by the mortgagee is to file the same with the instrument which it seeks to extend. There is no provision authorizing same to be recorded, and no selection or choice to be expressed by the mortgagee in filing the renewal affidavit. Therefore no necessity exists for a method or manner of expressing any choice or selection. The statute requires none, and such an indorsement is not necessary.

We come now to consider the question whether the contents of said renewal affidavit are sufficient to comply with the requirements of said section 4751. Notwithstanding the mortgage under which the plaintiff claims said mare was executed by J. K. Richesin to the Citizens' Bank of Pryor Creek, and it nowhere appears in the record that said mortgage was ever assigned by the Citizens' Bank of Pryor Creek to the plaintiff Brown, or that said mortgage was executed for the benefit of the plaintiff, attorneys for defendant agreed in the stipulation with attorneys for plaintiff that, by virtue of said mortgage, said mare was conveyed to plaintiff. While it presents a very peculiar state of facts in the record to have appear therein an agreement by which it is agreed that the legal effect of a certain instrument, so far as the facts disclosed in the record are concerned, is absolutely contrary to any construction that could be given it, owing to the fact that there may have been facts existing that do not appear in the record, but existed within the knowledge of the parties making the agreement, that controlled them in entering into such an agreement, we shall treat

said mortgage as having conveyed said mare to the plaintiff under the terms of said mortgage. Said mortgage, however, was never filed in the manner provided by law, which requires that the same shall be indorsed as heretofore stated, and signed by the mortgagee, or his agent. This mortgage bears the indorsement: "This instrument to be filed but not recorded," but same is signed by R. A. Brown, who is not the mortgagee in said mortgage, and who is not shown in any way to have signed said instrument as the agent of the Citizens' Bank of Pryor Creek, the mortgagee therein. Therefore the filing of said mortgage, as aforesaid, was without any effect in law whatever, and was not sufficient to give notice to any one of the contents thereof. *Dedman v. Earle*, 52 Ark. 164. 12 S. W. 330.

Said renewal affidavit, if it had been regular in form and sufficient in contents, could not have had effect to keep alive said mortgage, for the reason that said mortgage was never properly filed. Said affidavit would be insufficient under the statute if the mortgage had been filed properly, for the reason that it describes the mortgage as being one in which J. K. Richesin is the mortgagor and R. A. Brown the mortgagee, which description does not apply to the mortgage in this case. Again, the statute requires that the mortgagee, in refiling a renewal affidavit, shall state therein his interest, claimed by virtue of said mortgage at the time of the filing of the renewal affidavit, and the amount yet due and unpaid on the indebtedness secured by said mortgage. The renewal affidavit in this case stated that said chattel mortgage was to secure the payment of $191.25, and all other indebtedness due by said J. K. Richesin to said R. A. Brown. An examination of the record in this case discloses that the mortgage secured no indebtedness, except one note for the sum of $191.25, with interest after maturity. The language in the affidavit that "there is yet due R. A. Brown from said J. K. Richesin the sum of $81.25 and interest" is not sufficient to show whether said sum claimed to be due is due on said note secured by said mortgage, or whether it is due upon

Vol. 20—18

other indebtedness referred to in said affidavit and not secured by the mortgage. For these reasons, it is our opinion that said renewal affidavit was not sufficient under the statute, and the filing of the same had no effect whatever upon said mortgage.

It follows that, said mortgage never having been properly filed, and the renewal affidavit being insufficient to extend or give validity to the filing of said mortgage, the appellee was a purchaser of said mortgaged property without notice, and the judgment of the trial court should be reversed, and the cause remanded, and it is so ordered.

Dunn, Turner, and Kane, JJ., concur; Williams, C. J., not participating.