## J. W. RIPEY & SON v. THE ART WALL PAPER MILL.

No. 633. Opinion Filed November 16, 1910.

1. APPEAL AND ERROR — Case-Made — Death of Judge Before Settlement—Effect. Section 6075, Comp. Laws Okla. 1909 (sec. 4742, Wilson's Rev. & Ann. St. 1903; sec. 4445, St. Okla. 1893), does not authorize the successor in office of a judge, where a vacancy is occasioned by death, to sign and settle a case-made in a cause tried by his predecessor when such trial was had prior to the passage of the Act of March 9, 1910 (Session Laws 1910, p. 59).

2. SAME—Statutes—Repeal. The act entitled, "An act for taking the original record to the Supreme Court in cases of appeal in civil cases and to prosecute appeals by case-made, passed at the first session of the second Legislative Assembly of the territory of Oklahoma," was repealed by substitution by the subsequent adoption by the same Legislative Assembly of the Code of Civil Procedure.

3. SAME—Defective Case-Made—Appearance as Waiver. The entering of an appearance by the defendant in error in a proceeding in error in this court does not waive the right to object on account of the signing and settling of a case-made by a judge unauthorized by law.

4. SAME—Right to New Trial. Under the law in force at the date of the trial in the lower court, the judge who presided having died after the completion of the trial and within the time allowed to sign and settle the case-made, his successor being unauthorized to settle same, the defendant, without fault on his part, was thereby deprived of his right to present a complete appeal to this court, and is thereby entitled to a new trial.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; John J. Carney, Judge.*

Action between The Art Wall Paper Mill and J. W. Ripey & Son. From the judgment, J. W. Ripey & Son bring error. Remanded for new trial.

*M. Fulton,* for plaintiff in error.—Citing: *Ex parte Anthony* 5 Ark. 258; *Simpson v. Simpson,* 25 Ark. 467; *Andrew v. Rumsey,* 75 Ill. 598; *Condon v. Gore,* 42 Atl. 90; *Griffin v. Leslie,* 20 Md. 15; *Hurlbert v. Palmer,* 59 Neb. 157, 57 N. W. 1019; *Kitchell v. Beach,* 35 N. J. Eq. 446; *Titus v. Latimer,* 5 Tex. 433; *Smock v. Bank,* 22 Okla. 825; *Crittenden v. Schermerhorn,* 35 Mich. 370.

*J. H. Grant* and *E. G. McAdams,* for defendant in error.

WILLIAMS, J. It is insisted by the counsel for defendant in error that this appeal should be dismissed for the reason that the case-made was not signed and settled by any judge authorized by law.

1. Section 4742 of Wilson's Rev. & Ann. St. 1903 (St. Okla. Ter. 1893, sec. 4445; sec. 6075, Comp. Laws Okla. 1909) does not authorize the successor in office of a judge, where a vacancy is occasioned by death, to sign and settle a case-made in a cause tried by his predecessor, where such trial was had prior to the passage of act of March 9, 1910 (Sess. Laws 1910, p. 59). *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949.

2. An act of the first session of the second Legislative Assembly is entitled, "An Act to provide for taking the original record to the Supreme Court in cases of appeal in civil cases, and to prosecute cases by petition in error with case-made." We find the following note at page 1107 of the Statutes of Oklahoma Territory, 1893, relative to said act, to wit:

"Towards the closing days of the last session of the Legislature the opinion prevailed that a new code of civil procedure would not be adopted. An act was therefore passed 'to regulate appeals and writs of error,' also an act 'in relation to liens of judgment rendered in probate court.' Afterward an entire code

on 'civil procedure' was enacted. It specifically provides for appeals and writs of error; also, regulates liens in courts of record. The codifying committees have concluded to publish both acts in this *addenda*, together with the act providing additional officers for the legislature—which latter act the Supreme Court held to be illegal and void."

It is insisted by counsel for plaintiff in error that the subsequent passing of the Code of Civil Procedure at the same session of the Legislature had the effect, by substitution, of repealing said act. The Code of Civil Procedure adopted was comprehensive and covered practically all the subjects comprehended by said act. See article 22, secs. from 534 to 574 of the Code of Civil Procedure (secs. 4732 to 4772, Wilson's Rev. & Ann. St. 1903).

It is further insisted by the plaintiff in error that said act is repealed not only by substitution, but also by express provision. Section 4633, St. Okla. Ter. 1893 (ch. 86, sec. 754 of the Code of Civil Procedure), provides:

"The provisions of this code do not apply to proceedings in actions or suits pending, when it takes effect. They shall be conducted to final judgment or decree, in all respects, as if it had not been adopted; but the provisions of this code shall apply after a judgment, order or decree, heretofore or hereafter rendered, to the proceedings to enforce, vacate, modify or reverse it."

In *Fritz v. Brown*, 20 Okla. 263, 95 Pac. 437, this court said:

"There are three modes of repealing a statute: By an express repeal, repeal by implication, and repeal by an act covering the same subject, which latter method is often called repeal by substitution. * * * A repeal by substitution is effected where the latter of two acts covers the whole subject of the first, and plainly shows it was intended as a substitute for the first act."

In *Smock v. Farmers' Union State Bank*, 22 Okla. 835, 93 Pac. 945, this court said:

"House Bill No. 615 covers the entire grounds of said chapter 8, Wilson's Rev. & Ann. St. 1903, and of the four subsequent acts of the Legislature above referred to. It pertains to the same general subject-matter and seeks to accomplish the same general

purpose and, in the main, is a re-enactment of those statutes in the same language, and we are therefore of the opinion that said act was intended by Legislature as a substitute for all the laws then existing upon the subject-matter dealt with in that act, and that said former laws were repealed by it."

It is evident that the committee that codified the statutes in 1893 had doubts as to said act being in effect. We think it is clear that said act was repealed by substitution and was not in force in the territory of Oklahoma at the time of the erection of the state, and was therefore not extended in force in the state by virtue of section 2 of the Schedule to the Constitution.

3. It is further insisted that the defendant in error, having entered a general appearance, waived the defect in signing and settling the case-made by a judge unauthorized by law. Such appearance waived any defect in the summons in error or of the service of the same, etc., and subjected the defendant in error to the jurisdiction of the court. It has been held, both by this court and also by the Supreme Court of the Territory of Oklahoma, that parties to the record cannot, by stipulation which is not approved by the judge, extend the time for making and serving case-made. *Bettis v. Cargile,* 23 Okla. 301, 100 Pac. 436; *Horner v. Christy,* 4 Okla. 553, 46 Pac. 561.

*Adams et al. v. Nordyke-Marmon Company,* 60 Kan. 354, 56 Pac. 553, seems to settle this question against the contention of the plaintiffs in error. That case was appealed from the circuit court of Shawnee county to the Kansas Court of Appeals by a petition in error with case-made attached (*Atkins v. Nordyke-Marmon Co.,* 6 Kan. App. 145, 51 Pac. 304), where the defendant in error appeared and argued the case without raising the question as to the signing or settling the case-made out of time. Judgment was rendered in favor of defendant in error, affirming the action of the lower court. An appeal was prosecuted from the Kansas Court of Appeals by the plaintiff in error to the Supreme Court of the state, where for the first time the question was raised by the defendant in error as to the case-made being settled out of time. On motion of defendant in error, the

appeal was dismissed. Paragraph 2 of the syllabus of said case is as follows:

"Because a party appears and argues a case in the court of appeals, he is not estopped from complaining in this court that the case was not served in time."

We conclude that the fact that the defendant in error has entered his appearance in this court does not preclude him from raising the question as to the authority of Judge Carney, under the circumstances, to sign and settle the case-made.

4. It is insisted, however, by the plaintiff in error that, section 8 of art. 7 of the Constitution having provided that the appellate jurisdiction of this court shall be invoked in the manner as may be prescribed by the laws of said state, and that section 2 of the same article having extended the jurisdiction of this court on appeal to all civil cases at law and in equity, where a constitutional provision guarantees the right of appeal to certain courts or vests in certain courts appellate jurisdiction, such right may not be denied a party. *Ex parte Anthony,* 5 Ark. 258; *Simpson v. Simpson,* 28 Ark. 467; *Andrew v. Rumsey,* 75 Ill. 598; *Condon v. Gore,* 89 Md. 230, 42 Atl. 90; *Griffin v. Leslie,* 20 Md. 15; *Hurlbert v. Palmer,* 39 Neb. 157, 57 N. W. 1019; *School Dist. No. 6 v. Traver,* 43 Neb. 524, 61 N. W. 720; *Kitchell v. Beech,* 35 N. J. Eq. 446; *Tilus v. Latimer,* 5 Tex. 433.

If there is any procedure by which the plaintiff in error may be afforded relief, it seems to be contained in section 4760 of Wilson's Rev. & Ann. St. 1903 (sec. 6090, Comp. Laws Okla. 1909), wherein power is conferred upon the district court to vacate or modify its own orders or judgments after term time at which said judgment or order is made for unavoidable casualty or misfortune preventing the party from prosecuting or defending. That would seem to apply to being prevented by unavoidable casualty or misfortune from prosecuting or defending such cause in the trial court. That was evidently the conclusion reached by the Criminal Court of Appeals of this State (*Tegeler v. State, supra*). The syllabus in that case is as follows:

"Under the provisions of the law in force at the date of this trial, the judge who presided at the trial was the only person authorized to settle and sign a case-made, and, such judge having died after the completion of the trial and before the case-made had been settled and signed, the defendant, without fault on his part, was thereby deprived of his constitutional right to present a complete appeal to this court, and is thereby entitled to a new trial."

But it may be contended that the Tegeler case involves the conviction for a capital felony where the punishment of life imprisonment was imposed, and for that reason an exception was made to the rule.

*Crittenden v. Schermerhorn,* 35 Mich. 370, was a civil case. Cooley, Chief Justice, in delivering the opinion of the court, said:

"In this case the bill of exceptions was settled by the judge who tried the cause, after he had retired from office. It appears, however, to have been done under the permission of a stipulation entered into by counsel for the respective parties. The defendant in error now raises the objection that a stipulation could confer no such authority. The point is well taken. But it does not follow that the judgment should be affirmed. On the contrary, where a party has lost the benefit of his exceptions from causes beyond his control, it is proper to give him a new trial; and this we have done in some cases where the judge's term of office expired before exceptions could be settled. The judgment will therefore be reversed and a new trial ordered, the cost to abide the event of the suit."

We think the rule laid down by Chief Justice Cooley is based upon reason and justice.

This cause is remanded, with instructions to grant a new trial.

All the Justices concur.