In re APPLICATION OF JACKSON et al.

No. 26125.   April 6, 1937.

James W. Finley, R. E. Cullison, and G. J. Neuner, for plaintiffs in error.

Ross Rizley, Orlando F. Sweet, Elton F. McClure, and Albert C. Hunt, for defendants in error.

Embry, Johnson, Crowe & Tolbert, amici curiae.

HURST, J. In this case we are called upon to decide whether the Corporation Commission has jurisdiction to entertain an application for permission to use gas from wells not producing oil in the manufacture of carbon black. The controversy arose as follows: R. L. Jackson and other land and royalty owners filed an application with the Corporation Commission requesting that a permit be granted to Ben H. Ashe for construction of a carbon black plant near Guymon, Texas county. The purpose was to create a market for the large supply of natural gas that had been discovered in that territory, and which the land and royalty owners had been unable to find a market for. This application was accompanied by a petition signed by a large number of the citizens of Guymon and vicinity, and by the officials of the city of Guymon and its Chamber of Commerce and the Lions Club. The granting of the permit was protested by Cities Service Gas Company, Empire Oil & Refining Company, Panhandle Eastern Pipe Line Company, Texas Interstate Pipe Line Company, and Magnolia Petroleum Company.

The Corporation Commission heard evidence on behalf of the petitioners to the effect that the Guymon gas field covers an area 200 miles east and west and 100 miles north and south, and extends into Texas and Kansas; that there are about six wells in Oklahoma, compared with some 140 in Kansas and many in Texas producing from the same gas strata, and that the wells in Texas and Kansas are now draining gas from Oklahoma; that the protestants are taking large quantities of gas from Kansas and Texas, but none from Oklahoma; that the supply of gas from this field would last for 500 years, supplying the carbon black plant at full capacity and the present demand.

On behalf of the protestants evidence was introduced to the effect that gas used for the manufacture of carbon black would sell for about one-fifth as much as for fuel; that the protestants had spent several hundred thousand dollars acquiring and paying rental on their leases aggregating some 160,000 acres; that there was no drainage from Kansas and Texas; and that it is waste to permit dry gas to be used to manufacture carbon black, which should be manufactured from waste gas from oil wells.

The Corporation Commission made findings of fact to the effect that the wells in Kansas and Texas were producing from the same sand in which gas is found in the Guymon field, and that they are draining gas from Oklahoma; that there is no present demand for gas from said field, and that the protestants refuse to take the same through their large pipe line running near Guymon; and that the use of gas as proposed by petitioners for the manufacture of carbon black does not constitute wasteful utilization of the same. An order was made, in accordance with said findings, granting the permit to the petitioners. and from that order this appeal was taken.

Appellants contend that under section 11575, O. S. 1931 (sec. 1, art. 2, chapter 26, S. L. 1909), it is unlawful to use gas for other than lights, fuel, or power purposes, and that the Corporation Commission is without jurisdiction to entertain the application or to issue the order appealed from. On the contrary, it is urged by the petitioners, Jackson and associates, that said section 11575 was repealed by substitution by chapter 197, S. L. 1915 (sections 11533 to 11544, O. S. 1931). Both parties contend that the decision in Quinton Relief Oil & Gas Co. v. Corporation Commission (1924) 101 Okla. 164, 224 P. 156, supports the position they take. Chapter 26, S. L. 1909, was the first conservation statute enacted in this state, and required gas to be confined until used, prohibited unnecessary waste from gas pipe lines, made it unlawful to use gas in flambeau lights, regulated the use of gas for lights around derricks, prohibited the burning of gas during the daytime, required abandoned wells to be plugged, made it the duty of the Chief Mine Inspector to plug or supervise the plugging of such wells, contained the statute against pollution of streams, and prescribed penalties for the violation of the same. Section 1 (sec. 11575, O. S. 1931), is in part as follows:

"Any person * * * in possession * * * of any well producing natural gas, in this state, **in order to prevent the said gas wasting** by escape, shall * * * shut in and confine the gas in said well until and during such time as the gas therein shall be utilized **for lights, fuel or power purposes.**"

Chapter 197 of the 1915 Session Laws is a more comprehensive statute to prevent the waste of natural gas, and makes it the duty of the Corporation Commission to enforce the same and gives it authority to make rules, regulations, and orders in the enforcement of the act, and provides for appeals to the Supreme Court from any such orders. The title of the act is as follows:

"An act to conserve natural gas in the state of Oklahoma, to prevent waste thereof, providing for the equitable taking and purchase of same, conferring authority on the Corporation Commission, prescribing a penalty for violation of this act, repealing certain acts, and declaring an emergency."

Sections 1 and 2 are as follows:

"Section 1. That the production of natural gas in the state of Oklahoma, in such manner, and under such conditions as to constitute waste, shall be unlawful.

"Section 2. That the term 'waste', as used herein, in addition to its ordinary meaning, shall include escape of natural gas in commercial quantities into the open air, the intentional drowning with water of a gas stratum capable of producing gas in commercial quantities, underground waste, the permitting of any natural gas well to wastefully burn **and the wasteful utilization of such gas.**"

These statutes were referred to and construed by this court in the Quinton Case, supra. That was an action to prohibit the Corporation Commission from enforcing an order prohibiting the Quinton Relief Oil & Gas Company from selling gas for use in the manufacture of carbon black. It was held that the Corporation Commission had jurisdiction to enter the order to prevent the wasteful utilization of gas under the 1915 act. It was also held that the 1909 law was not repealed by the 1915 law, since they were not in conflict. Petitioners contend that it was not necessary for the court to pass upon the question as to whether the 1915 law repealed the 1909 law, since the Corporation Commission found under the particular facts in that case that the manufacture of carbon black was a wasteful utilization of gas within the meaning of the general provisions of the 1915 act, and that it was not necessary to construe the more rigid provisions of the former act, and any

construction thereof is dicta. We agree with this contention.

The petitioners do not contend that there is any conflict between the 1909 and the 1915 laws, but they contend that the latter repeals the former by substitution, in that the 1915 law completely covers the subject of the conservation of natural gas. We think this reasoning is sound. Both acts were intended to prevent waste of natural gas. The 1909 act referred to waste by escape, requiring it to be shut in and confined until it shall be "utilized for lights, fuel or power purposes." The 1915 act refers to waste by (a) escape into the open air, (b) drowning with water of the gas stratum, (c) underground waste, (d) permitting a well to wastefully burn, and (e) **wasteful utilization of such gas;** and section 3 requires that "such gas shall be confined to its original stratum until such time as the same can be produced and **utilized without waste.**"

It is well settled that where two legislative acts are not in express terms repugnant, yet, if the later act covers the whole subject of the first and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will be construed to repeal the first act by implication, although it makes no reference to it. Hine v. Gokey (1909) 23 Okla. 870, 102 P. 77; Board of Education v. McCracken (1917) 62 Okla. 173, 162 P. 782; 25 R. C. L. 915; City of Ardmore v. Chicago, R. I. & P. R. Co. (1935) 172 Okla. 373, 45 P. (2d) 540. It does not follow, as contended by appellants, that if section 1 of the 1909 act was so repealed by the act of 1915, the remaining sections were also repealed. For the repeal only affects those shown to have been substituted by later and more comprehensive provisions and the remaining provisions can be construed in harmony to effect the intention of the Legislature on the subject of conservation. We think it was plainly the intention of the Legislature, by the act of 1915, to give the Corporation Commission broad powers to prevent the waste of gas, and as held in the Quinton Case, supra, this means the power "to determine under a particular given state of facts whether or not the same constitutes a wasteful utilization of gas." The power to determine what is wasteful utilization must include the power to determine what is not wasteful utilization. Therefore, as it is not doubted that the power is implied to make orders preventing a certain use of gas when it is found to be wasteful, the

580

commission must of necessity have the correlative power to grant permission for a certain use when it is found to be not wasteful. We therefore cannot accede to the argument. of plaintiffs in error that the authority exercised by the Corporation Commission in the instant case is not derived from any legislative source.

The only question remaining is whether, under the facts, the commission was justified in finding that the manufacture of carbon black was not wasteful utilization. Appellants contend that such a finding is prohibited by the previous holding of this court. But the authorities cited do not support this contention. The cases of Walls v. Midland Carbon Co., 254 U. S. 300; Ohio Oil Co. v. Indiana, 177 U. S. 190, and Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, pass upon the validity of statutes which do not exist in this state. The Quinton Case, supra, holds that "under a particular given state of facts" the manufacture of carbon black was waste. Such a use under every circumstance is not necessarily ·waste. It is contended that the waste is occasioned by selling the gas at the cheap rate offered for this use instead of conserving it and selling it at the higher rate paid for fuel and other purposes. But the demand, availability of the market for the more lucrative use, and the degree of underground drainage while being conserved are all elements to be considered in determining whether the proposed use constituted waste. It is well settled that on appeal from an order of the Corporation Commission, it is presumed, under Const. art. 9, sec. 22, that the order is reasonable, if supported by any competent evidence, and the party complaining has the burden of showing the contrary. M., K. & T. R. Co. v. State (1909) 24 Okla. 331, 103 P. 613; City of Tulsa v. State Corp. Comm. (1934) 169 Okla. 455, 37 P. (2d) 619; Kurn v. State (1935) 175 Okla. 379, 52 P. (2d) 841, and cases therein cited. From the evidence introduced the presumption was not overcome, and we hold that the commission was justified in making the order appealed from, and it is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. RILEY and GIBSON, JJ., dissent. BUSBY, J., absent.