STATE of Oklahoma ex rel. Mac Q. WIL-
LIAMSON, Attorney General of Okla-
homa, Plaintiff in Error,

v.

EMPIRE OIL CORPORATION, a corpora-
tion, Defendant in Error.

No. 37760.

Supreme Court of Oklahoma.

June 7, 1960.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., of Oklahoma, for plaintiff in error.

Miskovsky & Miskovsky, Marian P. Opala, Oklahoma City, for defendant in error.

WILLIAMS, Vice Chief Justice.

The relator commenced this action at the request of the then Governor of Oklahoma as provided in Title 74 O.S.1951 § 18b(c), alleging defendant failed to comply with the provisions of Title 28 O.S.1951 § 111(b).

The facts are not disputed. The defendant, Empire Oil Company, is a foreign corporation, organized and existing under the laws of the State of Delaware and duly domesticated in Oklahoma. The Articles of Domestication stated the maximum amount of capital invested or proposed to be invested in Oklahoma at any time during the current year would not exceed $20,000. A fee of one-tenth of one percent of said $20,000 was paid to the Secretary of State as provided by 28 O.S.1951 § 111, see infra.

The defendant did not file the affidavit required by said Section 111 for the years 1953 and 1954 setting forth the maximum amount of capital it then had invested in Oklahoma. Relator instituted this action for the collection of the penalties imposed by said Section 111, alleging that by reason of defendant's failure to file the required affidavits, it would be subject to the penalties prescribed.

The cause was tried upon defendant's demurrer to plaintiff's petition. The demurrer was sustained and upon the plaintiff's failure to further plead, the trial court dismissed the petition and rendered judgment for defendant, resulting in this appeal.

In sustaining the demurrer and dismissing the petition, the court found that the 1947 Business Corporation Act, by creating a penalty different from that prescribed by said Sec. 111(b) infra, repealed by implication that portion of Sec. 111(b) which imposes a $25 per day penalty for failure to file the report. The court also found that there was a possibility that the penalty provision of said Sec. 111(b), infra, may be ineffective because of the construction placed upon the same by the executive officers of the State in its enforcement, without the Legislature taking any steps to correct such construction over a long period of time. These officers had followed an order entered in 1932 by the District Court of Oklahoma County which held the penalty provision to be invalid.

Title 28 O.S.1951 § 111(b), inter alia, prescribed that (a) a fee equal to one-tenth of one percent of the maximum amount of a foreign corporation's capital invested in Oklahoma shall be paid for the fiscal year in which the corporation qualifies to do business in Oklahoma; (b) for each succeeding fiscal year every such corporation shall file an affidavit and therein show the maximum amount of capital that the corporation had invested in Oklahoma for the year for which the affidavit is filed; (c) if the corporation's maximum capital has increased over that upon which a fee has previously been paid, then a fee of one-tenth of one percent shall be paid on the increase; (d) if an affidavit is not filed, the offending corporation is subject to a penalty

of $25 per day for each day that it is in default.

The principal proposition to be resolved is: Did the Oklahoma Business Corporation Act of 1947 repeal the penalty provision of said Sec. 111(b), supra?

In 1947 the Legislature adopted the "Business Corporation Act", 18 O.S.1951 §§ 1.1 to 1.250; Title 18, Chapter A, Session Laws 1947, pages 84 to 189. The title of this Act, House Bill No. 20, was:

"An Act providing a revision of the corporation laws of the State of Oklahoma; establishing a business corporation code; and repealing Sections" (previous statutes governing business corporation, domestic and domesticated, but not specifically repealing Title 28 O.S.1941, § 111.).

The pertinent provisions of this Act, in so far as domesticated corporations are concerned, in part are as follows:

Section 204(b) (18 O.S.1951 § 1.204(b) (provides that "a domesticated corporation may be ousted from this State by the Secretary of State and its certificate of domestication revoked and cancelled")

\*    \*    \*    \*    \*    \*

"(2) If the corporation for a period of one (1) year has transacted no business and has had no tangible property in this State *as revealed by its annual report;* (Emphasis added).

\*    \*    \*    \*    \*    \*

"(7) Upon the failure of the corporation for thirty (30) days to pay any fees, franchise taxes, or changes prescribed by law of this State; \* \* \*"

Section 232 (18 O.S.1951 § 1.232): "Articles and statements: filing and issuing of certificates. a. If, \* \* \* articles or amended articles of domestication, \* \* \* upon receipt of such \* \* \* articles, \* \* \* the Secretary of State finds that such articles, and accompanying documents, if any, conform to the provisions of this Act, shall, when all franchise taxes, fees and charges have been paid as prescribed by the laws of this State:

\*    \*    \*    \*    \*    \*

"(2) Issue a \* \* \* certificate or amended certificate of domestication \* \* \*, as the case may be, \* \* \* ;"

Section 235 (18 O.S.Suppl.1947 § 1.235):

"Annual Report of Domesticated Corporation: Execution and Contents. Each year between the first day of July and the thirty-first day of August every domesticated corporation shall, \* \* \* make and execute an annual report. \* \* \* Such annual report shall be executed under the corporate seal and signed and acknowledged by the president, a vice-president, or the treasurer, and attested by the secretary or assistant secretary of such corporation, and shall set forth:

\*    \*    \*    \*    \*    \*

"(8) The aggregate number of shares which the corporation has authority to allot, itemized by classes, par value of shares, shares without par value, and series, if any, within a class;

"(9) The aggregate number of allotted shares, itemized by classes, par value of shares, shares without par value, and series, if any, within a class;

"(10) The amount, expressed in dollars, of stated capital and the amount of paid-in surplus of the corporation after giving effect to:

"(a) The allocation between stated capital and paid-in surplus of the total consideration received for, or on account of, allotted shares;

"(b) Any amount added or transferred to stated capital upon the allotment of shares as a share dividend, exclusive of any amount transferred from paid-in surplus;

"(c) Any amount added or transferred to stated capital or paid-in surplus without the allotment of shares, exclusive of any amount transferred to stated capital from paid-in surplus;

"(d) Any increase or decrease in the sum of the stated capital and paid-in surplus resulting from any exchange or reclassification of shares;

"(e) Any decrease in the sum of the stated capital and paid-in surplus resulting from any redemption and cancellation of shares; and

"(f) Any other reduction of the stated capital made in accordance with the laws of the state or country under which the corporation is formed."

Section 236 (18 O.S.Suppl.1947 § 1.236)

"Filing of Annual Report: Time and Penalty. a. Every domestic and domesticated corporation, shall, between the first day of July and the thirty-first day of August of each year, deliver to the Secretary of State a duly executed annual report * * *

* * * * * *

"b. Every domestic or domesticated corporation failing to execute and deliver an annual report in the manner and at the time required by the provisions of this Act shall be subject to a penalty of Twenty-five Dollars ($25.00) per day during such period of default. In case such report be not duly delivered to the Secretary of State on or before the fifteenth (15th) day of November of such year, the Secretary of State shall immediately thereafter give final written notice of such delinquency to such corporation, together with a statement that its franchise to engage in and transact business in this State is about to be revoked and its certificate of incorporation or certificate of domestication, as the case may be, cancelled.

"c. In the event such annual report of any domesticated corporation be not delivered to the Secretary of State on or before the fifteenth (15th) day of December of such year, he shall immediately thereafter declare its franchise and authority to engage in or transact business in this State revoked and its certificate of domestication can-

celled, and shall issue, file and mail a certificate of revocation as provided in Subsection c of Section 232 of this Act."

Section 238 (18 O.S.1951 § 1.238):

"Filing false reports or failing to file reports a misdemeanor. a. Any corporation which delivers to the Secretary of State for filing any report, document, or paper containing any material, statement or representation which is false, knowing it to be false, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine in an amount not exceeding Five Thousand Dollars ($5,-000.00).

"b. Any officer of any corporation who wilfully fails or refuses to make, execute, or deliver to the Secretary of State for filing any report, document, or paper in the form and within the time required by this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment in the county jail not exceeding sixty (60) days, or a fine in an amount not exceeding Five Hundred Dollars ($500.00), or both such fine and imprisonment.

"c. Any officer, director, or agent of any corporation, who makes, executes, or signs, or causes to be made, executed or signed, any report, document, or paper containing any material statement or representation which is false knowing it to be false and knowing that such report, document, or paper is to be filed with the Secretary of State, or any officer, director, or agent of any corporation, who delivers or causes to be delivered to the Secretary of State for filing any report, document, or paper containing any material statement or representation which is false knowing it to be false, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment in the county jail not exceeding one (1) year, or by

a fine in an amount not exceeding Five Thousand Dollars ($5,000.00), or both such fine and imprisonment."

Section 239 (18 O.S.1951 § 1.239):

Failing to file reports: penalties and collection thereof. a. Any corporation which fails, refuses, or neglects to deliver to the Secretary of State for filing any report, document, or paper, other than its annual report, in the form and within the time required by this Act shall be subject to a penalty of Ten Dollars ($10.00) per day for such delay to a total amount not exceeding Two Hundred Dollars ($200.-00) for each such default. The failure as to the delivery of each report, document, or paper requiring a separate filing shall be deemed a separate default and the penalties shall be cumulative.

"b. Every penalty or fine assessed against any corporation for violation of any of the provisions of this Act may be collected in an action instituted by either the Attorney General or the county attorney of the county in which the registered office of the corporation in this State is located."

Comparing the above provisions contained in the Business Corporation Act with the requirements set out in said Section 111(b), supra, we find that all of the provisions of Section 111(b) have been incorporated into and enlarged by the Business Corporation Act with the exception of the schedule of fees. Section 111(b), supra, requires, at the time of domestication, an affidavit as to the amount of capital to be invested in Oklahoma; payment of a fee based on such amount; and an annual affidavit showing such information and the payment of additional fee on any increase; with the penalty involved herein for failure to file such report.

The Business Corporation Act, supra, Section 228, 18 O.S.1951 § 1.228, requires, in the articles of domestication, a statement estimating the value of the corporate property to be located within this state and an estimate of the amount of business to be transacted within the state; and payment of the fee to the Secretary of State as scheduled in said Section 111(b), supra. Sections 235 and 236 of such Act, 18 O.S. Suppl.1947 §§ 1.235 and 1.236 require an annual report of information concerning the stated capital and paid-in surplus of such corporation; and in conjunction with Section 204 of said Act, 18 O.S.1951 § 1.204, a statement of the tangible property located within the State. Said Section 236 incorporates the same penalty set forth in Section 111(b), supra, and an additional provision that if this report is not filed by a certain date, the Secretary of State shall proceed to cancel and revoke the articles of domestication.

■ As shown by the title of House Bill No. 20, 1947 Session, supra, the Business Corporation Act and the repealing of all the then existing statutes concerning incorporating of domestic corporations and domesticating foreign corporations contained in Title 18, the Business Corporation Act, supra, was not intended to be a cumulation and continuation,—merely a revision of the previous statutes on this subject matter. This Act is an entirely new enactment of laws governing the formation of business corporations and permitting foreign corporations to do business in this State.

■ Where a later act covers the whole subject matter of earlier acts, contains new provisions and shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject matter then under consideration by the Legislature, and to prescribe the only rules with respect thereto, it operates to repeal and supersede all former statutes relating to the subject matter. Application of Jackson, 179 Okl. 577, 66 P.2d 1101. If the later statute does not cover the entire field of the first, it will not repeal so much of the first as is not included within its scope. People v. Fitzgerald, 14 Cal.App.2d 180, 58 P.2d 718.

In Fritz v. Brown, 20 Okl. 263, 95 P. 437, at pages 439 and 440, this Court said:

"There are three modes of repealing a statute: By an express repeal, repeal by implication, and repeal by an act covering the same subject, which latter method is often called repeal by substitution. * * *"

and in J. W. Ripey & Son v. Art Wall Paper Mill, 27 Okl. 600, 112 P. 1119, at page 1120, we stated:

"In Smock v. Farmers' Union State Bank, 22 Okl. 825, 98 P. 945, this court said: 'House Bill No. 615 covers the entire grounds of said chapter 8, Wilson's Rev. & Ann.St.1903, and of the four subsequent acts of the Legislature above referred to. It pertains to the same general subject-matter, and seeks to accomplish the same general purpose, and in the main is a re-enactment of those statutes in the same language, and we are therefore of the opinion that said act was intended by Legislature as a substitute for all the laws then existing upon the subject-matter dealt with in that act, and that said former laws were repealed by it.' It is evident that the committee that codified that statute in 1893 had doubts as to said act being in effect. We think it is clear that said act was repealed by substitution, * * *"

Our conclusion that all of said Section 111(b), except that part pertaining to the computation of the fee, was repealed by substitution upon the adoption of the Business Corporation Act is confirmed by the Draftman's Introductory note, 18 O.S.A., Business Corporation Act, at page 272:

"This, as suggested by its title, is a business corporation act. It purports to be modern in content and complete in scope, superseding and enlarging upon the former laws relative to business corporations in this State. It is not, in either form or content, an amendment or a revision. It is a completely new act."

■ All of Section 236 of the Business Corporation Act, formerly 18 O.S.Suppl. 1947 § 1.236, which included the penalty provision of said Section 111(b), supra, was repealed in its entirety by Laws 1949, p. 127, § 23. By reason of such repeal the provision imposing the penalties sought to be collected by this action is no longer, nor at the time of the institution of this action was it, a part of the laws of this State. Defendant's demurrer to plaintiff's petition was properly sustained by the trial court. .

■ We do not believe that this penalty provision of said Section 111(b), supra, was re-enacted by inclusion in the Oklahoma Statutes 1951, the compilation of which was authorized by 75 O.S.1951 § 131 et seq., and which was adopted as a code by 75 O.S.1953 Suppl., § 144. In Atchley v. Board of Barber Examiners, 208 Okl. 453, 257 P.2d 302, we held that such a code became law although new matter may have been inserted or sections theretofore repealed were included in such code. In the present case, the compiler of the Oklahoma Statutes 1951, in the annotation to said Section 111 makes reference to the Business Corporation Act, supra. In such instances as this, the compiler is not authorized to act as a court to determine the extent to which an act is repealed. See 12 A.L.R.2d 423. Under such circumstances the only course of action for the compiler is to include the conflicting sections or statutes until the question of whether such statutes may have been repealed by implication or substitution is determined by a court. For this reason, we believe that the rule of Atchley v. Board of Barber Examiners, supra, is not applicable to the present case, and that the rule announced in Ex parte Burns, 88 Okl.Cr. 270, 202 P.2d 433, 434, is determinative:

"Where two conflicting and inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail."

In view of the fact that plaintiff's cause of action is specifically founded on the

penalty provision of said Section 111(b), we will not, in this appeal, consider the applicability of the penalty provisions of 18 O.S.1951 §§ 1.238 and 1.239.

Affirmed.

DAVISON, C. J., and WELCH, HALLEY, and JACKSON, JJ., concur.

IRWIN, JOHNSON, and BERRY, JJ., dissent.

IRWIN, Justice (dissenting).

The penalty provisions of the Business Corporation Act of 1947 are Title 18 O.S. 1951 §§ 1.204, 1.239 and 1.247, and Title 18 O.S.Supp.1947 § 1.236. Section 1.236 was repealed in 1949. In my opinion, these provisions did not repeal by implication the penalty provisions of Title 28 O.S.1951 § 111(b).

Title 28 O.S.1951 § 111, inter alia, prescribes that (a) a fee equal to one-tenth of one percent of the maximum amount of a corporation's capital invested in Oklahoma shall be paid for the fiscal year in which the corporation qualifies to do business in Oklahoma; (b) for each succeeding fiscal year every corporation shall file an affidavit and therein show the maximum amount of capital that the corporation had invested in Oklahoma for the year for which the affidavit is filed; (c) if the corporation's maximum capital has increased over that upon which a fee has previously been paid, then a fee of one-tenth of one percent shall be paid on the increase; (d) if the corporation fails to file the affidavit or fails to pay the additional fee, the offending corporation is subject to a penalty of $25 per day for each day it is in default.

In determining whether the penalty provisions of Section 111(b), supra, were repealed by implication by the enactment of the 1947 Business Corporation Act, a comparison of the penalty provisions enacted should be made with the penalty provisions the majority opinion holds were repealed by implication.

Section 1.236, supra, which was repealed in 1949, provided a penalty of $25.00 *a day for failure to execute and deliver an annual report in the manner and at the time required by the provisions of this Act,* being the 1947 Corporation Act. In my opinion, the information to be filed in an annual report as prescribed by the Act was not the same as, nor did it relate to the affidavit to be filed or the fee to be paid as provided by Sec. 111, supra.

Section 1.236 did not impose a penalty for failure to pay fees but the penalty was imposed for failure to execute and deliver the annual report. Subsections (c), (d), (e) and (f), of the same section relate to cancellation procedure for failure to file the annual report but does not even mention or make reference to payment of fees; whereas, a penalty is imposed by Sec. 111(b) for not only failing to file the affidavit, but also for the failure to pay fees as therein provided.

A corporation could fail to file its report and fail to pay the penalty in § 1.236, and the only recourse against the corporation would be revocation of its authority to transact business; whereas, failure to pay the penalty under § 111(b), does not prevent an action for the collection of the penalty even though the corporation's authority to transact business could be rescinded, as it provides the penalty may be recovered in a suit brought by the Attorney General in the name of the State.

Neither the trial court nor Empire Oil Corporation rely on this section as that part of the act which repealed by implication the penalty provisions of Sec. 111(b), but relied on sections 1.204, 1.239, and 1.247. Those relied upon by Empire and the trial court will now be considered.

Title 18 O.S.1951 § 1.204, sub-section b, and paragraphs (6) and (7) provide:

"b. A domesticated corporation may be ousted from this State by the Secretary of State and its certificate of Domestication revoked and cancelled:

\* \* \* \* \* \*

"(6) Upon the failure of the corporation to file any report in this State within thirty (30) days after the period

prescribed in this Act for the filing of such report;

"(7) Upon the failure of the corporation for thirty (30) days to pay any fees, franchise taxes, or changes prescribed by law of this State."

S.L. of 1947, Sec. 204, p. 163, used the word *charges* instead of the word *changes* in (7) above.

It is to be noted that paragraph (6), relates to "failure * * * to file any report * * * after the period *prescribed in this Act * * *"; whereas, paragraph (7) relates to failure * * * "to pay any fees, franchise tax, or changes prescribed by law * * *." By virtue of the unambiguous phraseology, paragraph (6) relates to "failure" to file any report as prescribed by the Business Corporation Act of 1947, and paragraph (7) relates to "failure * * * to pay * * * [as] prescribed by law" which would include, inter alia, the fees and charges as prescribed by Sec. 111(b), supra, and the franchise tax report to be filed with the Oklahoma Tax Commission.

Assuming, however, if the penalty provision for failure to file any report as prescribed by paragraph (6) above, was applicable to the affidavit as required in Sec. 111(b), supra, this penalty provision could not be imposed until thirty days after a corporation had refused to file its affidavit and the penalty involved is ouster or cancellation of its certificate. It definitely is not a monetary penalty as no monetary penalty is mentioned. The $25 penalty as provided by Sec. 111(b), supra, is definitely a monetary penalty effective the first day after a corporation does not file its affidavit or pay its fee. The penalty provision of Sec. 111(b), supra, could be applicable and be enforced without Sec. 1.204, supra, being applicable if a corporation filed its reports and paid the fees within the thirty days.

Title 18 O.S.1951 § 1.239 prescribes a monetary penalty for failure to file any report, document or paper " * * * in the form and within the time required by this Act", being the Business Corporation Act of 1947. The monetary penalty imposed becomes effective immediately upon failure to file such reports or statements of ownership of land, merger and consolidation, intent to dissolve, change of, registered office or agent, etc., as prescribed in the act of 1947. It is in addition to the penalty provisions of Sec. 1.204, supra, which becomes effective thirty days after such failure. Since this penalty does not relate to "other penalties as prescribed by law", which would include the penalty provision of Sec. 111(b), supra, it would not be in conflict with or repeal by implication Sec. 111(b), supra.

Title 18 O.S.1951 § 1.247, provides the Secretary of State, for services performed in his office, for expense of mailing, and for filing in the office of the county clerk, shall charge and collect certain fees "in addition to the fees provided by Section 111, of Title 28, O.S.1951." These fees relate to articles, or amended articles of incorporation, reports and other documents to be filed and for issuing certificates and copying reports and documents and for receiving service of process, whereas under Sec. 111, supra, the fees are for authorized stock and an additional fee for an increase in capital stock.

A penalty is not imposed by Sec. 1.247 and it specifically states "in addition to the fees provided by Section 111, of Title 28, O.S.1951." Under no theory do I find this section to be in conflict with Sec. 111, as this section clearly indicates that the legislature intended that the fee provision of Sec. 111, supra, be continued in force. Also, this action is for the collection of penalties for failure to file an affidavit and not for the collection of fees as prescribed by Sec. 1.247.

In reviewing the penalty provisions of the 1947 Business Corporation Act, and Sec. 111 of Title 28 O.S.1951, with other enactments imposing a penalty for failure to file or pay taxes or fees due within the time as required by law, in my opinion, there is legislative harmony. By enactment of the Oklahoma Franchise Tax Law in 1949, which complemented former franchise tax acts under which penalties were imposed, the legislature provided that if corporations failed to file reports and pay taxes as required, a penalty would be imposed. In addition to the collection of the tax and the penalty the Oklahoma Tax Commission was empowered to suspend the corporation. There are also penalty provisions for failure to file reports or pay taxes or fees due within the time required by law, on other things, such as: gasoline excise tax, special fuel tax, gross production tax, automobile license tax, income tax, estate tax, beverage tax, ad valorem taxes, etc. In absence of specific penalty provisions in the acts levying the tax, Title 68 O.S.1951 § 1466, provides a penalty provision if *any* tax is not paid before it becomes delinquent. I cannot conclude that the legislature intended or did by enactment of the Business Corporation Act of 1947, relieve corporations from a monetary fee penalty for failure to file a required affidavit or pay the necessary fees. I am therefore of the opinion that the legislature by enactment of the Business Corporation Act in 1947 did not repeal by implication the penalty of Sec. 111(b).

For the foregoing reasons I respectfully dissent to the majority opinion promulgated by a majority of my associates. However, under the rule announced in Oklahoma County v. Queen City Lodge #197, 195 Okl. 131, 156 P.2d 340; and Texas Co. v. Oklahoma Tax Commission, 207 Okl. 385, 249 P. 2d 985, a decision of this court overruling an administrative construction of our laws should be given prospective effect only.