Lane, C. J.
This was a suit on a bond given to obtain an injunction in a suit in chancery, which has been dissolved. It was reserved to determine whether the return of the sheriff, of the execution against the principal, is sufficient to give the action under the statute.
The return is in these words, “ I have made due and diligent search for goods and chattels, lands and tenements, belonging to the defendant, and find none in my bailiwick unincumbered by mortgage, whereon to levy this execution, and the same is returned wholly unsatisfied.”
This seems to us sufficient. The sheriff’s return is to be taken as good between these parties, and can not be falsified as between them by other evidence; for he is the officer of the law, and the creditor need look to no other source of information than his official return. If it be false, he may be sued for false return, and its falsity may be shown against him. Perhaps, too, these defendants have such an interest in that return that they may correct it in that court by motion. But here, it,must be taken as it stands, and wc can look no further.
Hitchcock & Wilder, for plaintiff.
Wade & Hurlburt, for defendants.
It showed the principal debtor had no property except what is incumbered by mortgages. What liens, or on what property is not set forth. Now an execution may be levied on the interest of a mortgagor in possession of mortgaged lands, because it is a possessory interest at least, which is a legal estate. But since it is to be appraised at full price, without regard to the mortgage, which remains an incumbrance on the lands, and may be asserted against the purchaser, it is plain that no fair sale can be made of lands so situated; and we *have held at this term that it affords a sound reason for abandoning such a levy. Commercial Bank of Lake Erie v. Western Reserve Bank et al.
A court of equity is the only proper tribunal to adjust the interests of all parties.
The most which can be made to favor the defendants from this return is, that there might have been made a levy, which the plaintiff was not bound to pursue, and from which he properly ■could obtain no satisfaction of his debt.
It seems to us the return affords the plaintiff ample ground to 'commence this suit; that under such circumstances of mortgaged lands, the surety may protect himself by paying the debt and claiming the benefit of the judgment by way of substitution.
Motion for new trial overruled. Judgment for plaintiff.