FIRE DEPARTMENT ACTING OUTSIDE CITY LIMITS — IMMUNITY The provisions of 11 O.S. 342 [11-342] (1971), are fully applicable in instances where a fire department of a municipality within the State responds to an emergency outside the corporate limits of the municipality, where the response is made pursuant to a contractural arrangement of the municipality which incorporates the requisite of 11 O.S. of 11 O.S. 341 [11-341] (1971). A fire department answering fire alarms or performing official work outside the corporate limits of its municipality is considered an agent of the State of Oklahoma by provision of 11 O.S. 343 [11-343] (1971), but by later legislative enactment, 11 O.S. 16.4 [11-16.4] (1975), each city or town within the State is required to provide liability insurance, or self-insure to the limits prescribed therein. Governmental immunity of the municipality to tort action is waived to the extent of the amount of insurance required by Section 16.4. Fire departments and individual members thereof from other states who come into Oklahoma to assist in emergencies are not afforded any immunity from liability under Oklahoma law. The Attorney General has considered your request for an opinion regarding Sections 11 O.S. 342 [11-342] and 11 O.S. 343 [11-343] of Title 11, Oklahoma Statutes, 1971. Specifically, your questions are as follows: 1. Do the full provisions of both sections apply in instances where a municipal fire department within the State responds to an emergency outside the State of Oklahoma? 2. Are firemen of any such municipal fire department so responding to an emergency outside the State of Oklahoma covered by their full pension benefits? 3. Is any fireman so responding to an emergency outside the State of Oklahoma considered to be an agent of the State of Oklahoma, as provided in Section 343? 4. Is any protection provided for those fire departments from other states who come into the State of Oklahoma to assist in emergency situations? Title 11 O.S. 342 [11-342] (1971), provides: "All municipal firemen, full paid or volunteer, attending and serving at fires or doing fire prevention work or rescue, resuscitation, first aid, inspection or any other official work outside the corporate limits of a municipality as hereinabove provided, shall be considered as serving in their regular line of duty as full as if they were serving within the corporate limits of their own municipality, but full paid men shall receive no additional compensation, and volunteer firemen shall receive only such compensation as may be provided for by ordinance or resolution for such cases, and all such firemen shall be entitled to all the benefits of any pension fund, firemen's fund and pension fund in the same manner as if the fire fighting or fire prevention work or rescue, resuscitation, first aid, inspection or any other official work had been within the corporate limits of the municipality." The Oklahoma Supreme Court had occasion to construe Section 342 in the case of City of Stroud v. Laffoon, 412 P.2d 178 (1966). In Stroud, a member of the volunteer fire department of the City of Stroud died as the result of a heart attack he suffered while fighting a fire in another town seven miles distant from Stroud. The Court, in sustaining the award of the State Industrial Court in favor of the executrix of the deceased's estate against his employer, the City, and the insurance carrier, held that under provision of Section 342, "members of a city or town fire department, while engaged in fighting a fire in some other city or town pursuant to a contractual arrangement such as existed in this case, are 'serving in their regular line of duty'." Section 11 O.S. 341 [11-341] of Title 11 authorizes municipal corporations to contract for fire protection services. It is furthermore provided therein that any such contract entered into by governing bodies of municipal corporations shall expressly stipulate the terms and conditions upon, and in compliance with, which each party thereof is to co-operate in furnishing, maintaining and operating fire equipment for outside aid or mutual aid or making payment for such services. Although Section 341, upon an initial reading thereof, would seem to contemplate a written contract, the Supreme Court, in Stroud, supra, held that provisions of Section 342 were as fully applicable where there was only an oral contractual agreement for services as if there had been a written contract for same. The Supreme Court has heretofore stated a commitment to a liberal construction of the statutes governing the Firemen's Relief and Pension Fund in favor of firemen. City of Ardmore ex rel. Firemen's Relief and Pension Fund v. Ozment, 467 P.2d 502 (1970). No proviso is found qualifying or limiting the operation of Section 342 beyond that discussed hereinabove. We, therefore, conclude that the provisions of Section 342 are fully applicable in instances where a fire department from a municipality within the State responds to an emergency outside the corporate limits of the municipality, and when the response is made pursuant to a contractual arrangement of the municipality which incorporates the requisites of Section 341. This conclusion would likewise apply where the municipality's agreement calls for rendering the service outside the State. Regarding your third question, 11 O.S. 343 [11-343] (1971) provides: "A municipal fire department answering any fire alarms or performing fire prevention services or rescue, resuscitation, first aid, inspection or any other official work outside the corporate limits of its municipality shall be considered an agent of the State of Oklahoma, and acting solely and alone in a governmental capacity, and said municipality shall not be liable in damages for any act of commission, omission, or negligence while answering or returning from any fire or reported fire or doing and performing any fire prevention work or rescue, resuscitation, first aid, inspection or any other official work." Section 11 O.S. 343 [11-343] was enacted in its present form by Laws, 1953, page 34, section 2. By later legislative enactment, 11 O.S.Supp. 1975, 16.4, enacted in the First Regular Session of the Thirty-fifth (35th) Oklahoma Legislature, cities are required to provide liability insurance or self-insure in no less amount than Ten Thousand ($10,000.00) Dollars, one person, or Twenty Thousand ($20,000.00) Dollars, two or more persons, each occurrence, to compensate persons for bodily injury or property damage proximately caused by any negligent act of a fire department employee while in the performance of his duties. Furthermore, Section 16.4 waives governmental immunity to tort action to the extent of the amount of insurance or self-insurance authorized and required thereby. Therefore, that provision of Section 343, purporting to disclaim liability of the municipality for damages for negligent acts, has been impliedly repealed by Section 16.4, it being the latest expression of legislative intent on the subject. Where statutes are in conflict, the last one enacted in point of time ordinarily prevails. City of Duncan v. Bingham, 394 P.2d 456 (1964). Where two conflicting and inconsistent statutes are carried into the codified law, the one last passed, which is the latest declaration of legislative will, should prevail. State ex rel. Williamson v. Empire 011 Corp.,353 P.2d 130 (1960). Regarding your final question, we find no authority under Oklahoma law affording any immunity from liability to fire departments or individual members thereof from other states who come into Oklahoma to assist in emergencies. Failing to find any authority therefore, we must conclude that no such immunity exists. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The provisions of 11 O.S. 342 [11-342] (1971), are fully applicable in instances where a fire department of a municipality within the State responds to an emergency outside the corporate limits of the municipality, where the response is made pursuant to a contractual arrangement of the municipality which incorporates the requisites of 11 O.S. 341 [11-341] (1971). A fire department answering fire alarms or performing official work outside the corporate limits of its municipality is considered an agent of the State of Oklahoma by provision of 11 O.S. 343 [11-343] (1971), but by later legislative enactment, 11 O.S. 16.4 [11-16.4] (1975), each city or town within the State is required to provide liability insurance, or self-insure to the limits prescribed therein. Governmental immunity of the municipality to tort action is waived to the extent of the amount of insurance required by Section 16.4. Fire departments and individual members thereof from other states who come into Oklahoma to assist in emergencies are not afforded any immunity from liability under Oklahoma law. (William Don Kiser)