Criminal Cases — Court Clerk — Fees Collected After January 13, 1969, no district attorney's fees are to be collected in a criminal case. Title 28 O.S. 153 [28-153] (1968), makes reference to such fees, but there is no law providing for such a fee. Section 38 is repealed effective January 13, 1969. Title 28 O.S. 151 [28-151] — 28 O.S. 152 [28-152] (1968), repealed 12 O.S. 932 [12-932] (1961) by implication and only those costs and fees authorized in Sections 151 and 152 are to be collected. The Attorney General has had under consideration your letter of November 18, 1968, wherein you ask the following questions: "1. Are the Court Clerks required to collect a District Attorney's fee in cases where the defendant is convicted of a felony; if so, what should be the amount of such fee? "2. Is 28 O.S. 38 [28-38] (1968), still in force and effect, and if you determine said section is still effective, should the court clerks charge the fees therein set forth after January 13, 1969, in addition to the flat filing fees? "3. Must the $2.00 stenographer's fee, and the $5.00 jury fee, provided for in 12 O.S. 932 [12-932] (1961), continue to be taxed as costs in addition to the flat filing fees enumerated in 28 O.S. 151 [28-151] — 28 O.S. 152 [28-152] (1968)?" The following statutes are relevant to your first inquiry. O S.L. 1968, ch. 359, Section 3 (28 O.S. 153 [28-153] (1968)): "The clerks of the courts shall collect as costs in all criminal cases in which the defendant is convicted of a felony a flat charge of Twenty Dollars ($20.00) and no more, except for the District Attorney's fee as presently provided by law, and except for the charges hereinafter specifically set out, and further provided that, prior to conviction, parties in criminal cases shall not be required to pay, advance or post security for the issuance or service of process to obtain compulsory attendance of witnesses." (Emphasis added) O.S.L. 1968, ch. 383, Section I (28 O.S.Supp. 1968 Section 101[28-101] [28-101]): "The fees herein provided for the Clerk of the District Court, the sheriff, and the District Attorney, as provided in this Act, and all costs in the prosecution of all criminal actions shall, in case of conviction of the defendant, be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of One Dollar ($ 1.00) per day of such fees and costs, or fine, or both, whether the defendant shall perform labor on the public road or highway, or remain in prison." (Emphasis added) O.S.L. 1967, ch. 122, Section 7 (28 O.S. 38 [28-38] (1968)): "The clerks of the courts and the Justices of the Peace shall charge and collect as costs in all criminal cases, to be known as county fees, and pay into the county treasury to the credit of the court fund as to those fees collected by the Court Clerk, and to the county general fund as to those fees collected by the Justice of the Peace, the following fees: "For each conviction in all misdemeanor cases ............................................. 10.00 For each conviction on a charge of a felony except as herein otherwise provided ......................... 40.00 For each conviction on a charge of a rape, burglary, robbery or arson, in the first degree ............. 75.00 For each conviction on a charge of a capital offense ......................................... 100.00" Sections 153 and 101 refer to a district attorney's fee, which is to be provided for by law. We find no law providing for this fee. Section 38 and 101 were first passed in 1910. At that time, the fee in section 38 was called the county attorney's fee and section 101 referred to this county attorney's fee. However, in 1951, section 38 was amended to include collections of the fees therein described by justices of the peace and the reference to the county attorney's fee became simply a county fee. The reference in section 101 to a county attorney's fee remained. The 1968 legislature changed the reference in section 101 from a county attorney's fee to district attorney's fee. There would be some question as to whether this reference would be to the fee in section 38 originally called a county attorney's fee; however, the legislature, in 1968, by O.S.L. 1968, ch. 383, Section 3, repealed section 38 effective January 13, 1969, and the problem will not exist after that date. As there will be no district attorney's fee provided by law, no such fee should be collected after January 13, 1969. Your second question has been answered in discussing the first question O.S.L. 1967, ch. 122, Section 7 (28 O.S. 38 [28-38] (1968)) was repealed by O.S.L. 1968, ch. 383, Section 3, effective January 13, 1969. No fees may be charged under the provisions of the section after this date. The following statutes are relevant to your third inquiry. 12 O.S. 932 [12-932] (1961): "In all civil actions in the district court, superior court of the county court in which issue is joined and testimony taken, there shall be taxed as costs in the case the sum of two ($2.00) dollars as stenographer's fee: also, if a jury be demanded there shall be taxed in the district and superior court the sum of five ($5.00) dollars and in the county court three ($3.00) dollars, as a jury fee, which shall by the clerk be collected and placed in the court fund of the county; provided that such jury fee shall not be entered on the docket until final judgment is rendered in such cause." O.S.L. 1968, ch. 359, Section 1 (28 O.S. 151 [28-151] (1968)); "From and after the effective date of this Act, it shall be the duty of the clerks of the District Court and other trial courts of record of this State to charge and collect the fees as herein provided, and none others, in all cases, except those wherein the defendant is charged with a misdemeanor or traffic violation, and except cases coming within the purview of the Small Claims Act." (Emphasis added) O.S.L. 1968, ch. 359, Section 2 (28 O.S. 152 [28-152] (1968)), reads in relevant part: "In any civil action filed in District Court after the effective date of this Act, the court clerk shall be required to collect, at the time of filing, the following flat fees, none of which shall ever be refundable, and which shall be the only charge for court costs up to and including the entry of judgment, except as is herein otherwise specifically provided: "Actions for divorce, alimony without divorce, separate maintenance, custody or support ............................................. $15.00 Probate and guardianship ............................ $25.00 Judicial Determination of Death ..................... $20.00 Adoption ............................................ $15.00 Civil Actions ....................................... $20.00 All others, including actions for forcible entry and detainer .................................. $10.00 ". . . ." (Emphasis added) It is clear that the 1968 legislature intended that the fees set forth in sections 151 and 152 be the only fees or costs collected in any civil case filed in a district court. Since sections 151 and 152 were enacted later in time than 12 O.S. 932 [12-932] (1961), they are a later expression of the legislature and control over previous inconsistent statutes. State ex rel Williamson v. Empire Oil Corp., Okl., 353 P.2d 130 (1960). City of Duncan v. Bingham, Okl., 394 P.2d 456 (1964). It is the opinion of the Attorney General that after January 13, 1969, no district attorney's fees are to be collected in a criminal case. O.S.L. 1968, ch. 389, Section 3 (28 O.S. 153 [28-153] (1968)), makes reference to such fees, but there is no law providing for such a fee. O.S.L. 1967, ch. 122, Section 7 (28 O.S. 38 [28-38] (1968)) is repealed effective January 13, 1969. O.S.L. 1968, ch. 359, Sections 1-2 (28 O.S. 151-152 [28-151-152]), repealed 12 O.S. 932 [12-932] (1961) by implication and only those costs and fees authorized in sections 151 and 152 are to be collected. (Prudence Little)