PROFESSIONS AND OCCUPATIONS
The provisions of 59 O.S. 71 [59-71] (1971) (Session Laws 1931, Ch. 24, Art. 2, 11) requiring a haircutters certificate be issued by the State Board of Barber Examiners as a prerequisite to cutting hair in beauty shops, were repealed by implication and, therefore, the State Board of Barber Examiners has no authority to issue or require such a certificate. The Attorney General has considered your letter dated May 23, 1977, wherein you relate: "This office has recently received verbal challenge concerning the above stated Section of the Barber Act Title 59 O.S. 71 [59-71] (1971) . The records do not reflect that the Haircutters Certificate as set forth in 59 O.S. 71 [59-71] has been issued or enforced since 1931. We are concerned if this office is remiss in not enforcing Section 71 as stated." In 1931, the Oklahoma Legislature enacted the Barber Act which laid down the legislative policy of regulating the barber industry in the interest of public health, safety and welfare. Title 59 O.S. 71 [59-71] (1971), is one of the statutes which comprises the Barber Act. It provides in part as follows: "Persons engaged in operating or employed in beauty shops or hairdressing parlors patronized by women and children, are exempt from the provisions of this Act, except as to regular haircutters. Provided, however, that no person shall follow the occupation of cutting hair, or practicing as a haircutter, unless such person shall first have obtained a certificate of registration as herein provided. Said certificate shall authorize the cutting of hair of persons in beauty shops and haircutting establishments. "Applicants of such certificate must possess the same qualifications required of applicants for barber's certificates, with the exception of shaving and handling the razor, and the application must be made in the same manner and form and upon the payment of the same fee as required by The Barber Act. "Before a certificate is issued to such haircutter, they must submit to the same examination relative to haircutting as is required for a regular barber's license, and such examination shall be held and conducted according to the Barber Act." (Emphasis added) This statute creates a class of persons called haircutters which is comprised of those individuals engaged in the practice of cutting hair in beauty shops. The statute provides that haircutters are not exempt from the Barber Act and requires them to obtain a certificate of registration as a haircutter. Applicants for the certificate would be required to possess the same qualifications that would be required of applicants for the barber certificate, with the exception of shaving and handling a razor. The certificate authorizes the person to cut hair in beauty shops and haircutting establishments. In 1935, the Oklahoma Legislature enacted Chapter 24, Article 21, 1-27. It was the first Act providing for the examination, regulation and licensing of cosmetologists, schools of cosmetology, and other persons connected with the practice of the cosmetic art. Pertinent parts of that Act provided as follows: "2(a) The word 'Cosmetology' as used in this Act, shall be defined and construed to mean any one combination of practices generally and usually, heretofore and hereafter performed by, and known as the occupation of Beauty Culturists, or Cosmetologists, or Hair-dressers, or of any other persons holding himself or herself out as practicing Cosmetology by whatever designation and within the meaning of this Act and in and upon whatever place or premises. In particular, Cosmetology shall be defined as and shall include, (but otherwise and not be limited thereby) anyone, or combination of the following practices — to-wit: Arranging, dressing, curling, waiving, cleansing, cutting, singeing, bleaching, coloring, or similar work, upon the hair of any person by any means, or with hands or mechanical or electric apparatus or appliances, or by the use of cosmetic preparations, antiseptics, tonics, lotions, or creams, massaging, cleansing, stimulating, manipulation, exercising, beautifying, or similar work, the scalp, face, neck, arms, bust, or upper part of the body, or manicuring the nails of any person. ". . . "28. All laws and parts of laws in conflict with the provisions of this Act are hereby repealed." (Emphasis added) This original Act has been repealed and modified on several occasions and now the substance of that Act is found in 59 O.S. 199.1 [59-199.1] — 59 O.S. 199.17 [59-199.17] (1971). Title 59 O.S. 1991.1 [59-1991.1] (1971), provides in part as follows: "When used in this Act the following words and terms, unless the context clearly indicates otherwise, shall be construed as having the meanings ascribed to them in this Section: "(a) The word 'cosmetology' shall be defined and construed to mean any one or combination of practices generally and usually, heretofore and hereafter, performed by and known as the occupation of, beauticians, beauty culturists, beauty operators, cosmeticians, cosmetologists or hair dressers, or of any other person holding herself or himself out as practicing cosmetology by whatever designation and within the meaning of this Act and in or upon whatever place or premises; and in particular 'cosmetology' shall be defined as and shall include, but otherwise not limited thereby, the following or any one or combination of practices, to-wit: arranging, bleaching, cleansing, curling, cutting, coloring, dressing, removing, singeing, styling, waving or similar work, upon the hair of any person by any means, and with hands or mechanical or electrical apparatus or appliances, or by the use of cosmetic preparations, antiseptics, tonics, lotions, or creams, massaging, cleansing, stimulating, exercising, beautifying, or similar work, the scalp, face, neck, arms, bust, or upper part of the body, or manicuring the nails of any person, exclusive of such of the foregoing practices as come within the scope of the practice of the Healing Arts as provided by the laws of this State." (Emphasis added) As can be seen, Article XXI, Section 2(a) of (Session Laws 1935, Ch. 24), supra, remains today substantially the same. Therefore, the issue presented is whether 59 O.S. 71 [59-71] (1971) (Session Laws 1931, Ch. 24, Art. 2, 11), was repealed by implication by the original 1935 Cosmetology Act. It is well established that repeals by implication are not favored. An examination of the applicable case law reveals that, where repeal by implication has been allowed, combinations of certain factors were present. The first of these factors is an express statement in the later statute expressly repealing all prior inconsistent acts. Perry v. City of Oklahoma City, Okl., 470 P.2d 974 (1970). Section 28, supra, is such a repealer and it only need be deter mined whether the now codified 59 O.S. 71 [59-71] (1971), is inconsistent and in conflict with Section 2(a), supra now codified as later altered, 59 O.S. 199.1 [59-199.1](a) (1971) . That there is conflict is apparent. The original Article XXI, supra, created a Board of Cosmetologists to govern all activities defined in Section 2(a), supra, which includes the cutting of hair in beauty shops. There is nowhere suggested in either the original Barber Act of 1931 or the original Cosmetology Act of 1935, or later changes in either Act, that two licenses would be required to perform the same act or that two different governing boards with the possibility of conflicting regulations should cover the same act. In addition, Article XXI, supra, was the latest expression of the Legislature on the same subject and should, therefore, govern in its entirety. In State, ex rel. Williamson v. Empire Oil Corporation, Okl., 353 P.2d 130, 134 (1960), the Court said: "Where a later act covers the whole subject matter of earlier acts, contains new provisions and shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject matter then under consideration by the Legislature, and to prescribe the only rules with respect thereto, it operates to repeal and supersede all former statutes relating to the subject matter." See also, Hamrick v. George, Okl.,378 P.2d 324, 328 (1962). It is, therefore, the opinion of the Attorney General that your inquiry be answered as follows. The provisions of 59 O.S. 71 [59-71] (1971) (Session Laws 1931, Ch. 24, Art. 2, 11), requiring a haircutters certificate be issued by the State Board of Barber Examiners as a prerequisite to cutting hair in beauty shops, was repealed by implication by Article XXI, Section 2(a) Session Laws 1935, Ch. 24, and, therefore, the State Board of Barber Examiners has no authority to issue or require such a certificate. (JAMES H. GRAY)